JULY TERM, 1872.        341

The State of Missouri, to use of Pickey et al., v. Culbertson et al.

————————◆————————

THE STATE OF MISSOURI, TO USE OF JOSEPH PICKEY *et al.*, Respondents, *v.* JOSEPH M. CULBERTSON *et al.*, Appellants.

1. *Dower, sale of — Proceeds, to whom belonging after widow's death.*—Proceeds derived by a widow from sale of her life interest in the land of her husband, and left at her death, should not be treated as a part of the remainder to be distributed among the heirs of her husband. It was her absolute property, and neither she nor her legal representatives were chargeable with it.

*Appeal from Callaway Circuit Court.*

*Sheley & Boulware*, for respondents.

*H. C. Hayden* and *J. A. Hockaday*, for appellants.

WAGNER, Judge, delivered the opinion of the court.

The main question in this case is whether the court rendered the proper decree in making distribution among the persons entitled to the remainder under West's will. The petition was undoubtedly bad, and at the time the suit was commenced the defendants, who were sureties on Mrs. West's bond, were not liable, as no breach had been committed according to its terms. But as by the subsequent proceedings an apportionment of the money was made by the court, this technical defect may be waived, and justice may be done by an assessment of costs against the plaintiffs.

It seems that Thomas West married a widow named Smith, and that she had children by her former husband, and that he obtained by her some property. Previous to his death he made his will, and by the third clause he made the following bequest to his wife, Mary West: "One-third part of my estate during her natural life, at her death to be divided between her children and mine, according to their respective rights; that is to say, to her children according to the amount I received of Edward Smith's estate, and to my heirs according to the amount she may receive of my estate over what I received by her." After the death of West his heirs brought suit against the widow to compel her to give security for the payment back to them of the one-third which she received under the will of her deceased husband, at her death. The court found that she had received from the executor the sum of $1,100, and ordered her to give bond to secure its repayment to those entitled to it in remainder. The decree provided, and the condition of the bond was, that the legal representatives of Mary West at her death should pay over the sum of $1,100, and any other sum that she might have received under the will of the deceased West, in such manner and proportions as might be ordered and decreed by the Circuit Court or any other court of competent jurisdiction. When this suit was brought no proceedings had been instituted to determine the rights of the respective parties, and until that was done the sureties and legal representatives were not in default. In their answer they denied any breach, and expressed a readiness to comply with their obligations whenever it was ascertained to whom the money should be paid.

It appears also that under the provisions of the will Mrs. West took possession of a piece of land belonging to West's estate, and instead of living on it she sold her life estate in it for $800. With this last amount the court charged her legal representatives, and treated it as a part of the remainder to be distributed among the heirs. In this we think there was palpable error. The land remained and went to the heirs after her decease. The money she received from her life estate was absolutely hers. It was no more a part of the property in remainder than if she had rented the land for a certain number of years and received and used the rent. The

use of the land during her natural life and the interest on the personalty were her absolute property, and neither she nor her legal representatives were chargeable with or accountable for the same. In ascertaining the respective amounts due both the West and the Smith heirs, the money arising from the sale of the life interest in the land should not be taken into the account.

Although we consider the plaintiffs' pleadings bad, yet as the whole matter has passed through the court, and to begin again would consume nearly all the money in costs, justice will best be subserved by ordering the decree amended in conformity with this opinion. The judgment will therefore be reversed and the cause remanded for that purpose. The plaintiffs will pay all the costs in both courts. The other judges concur.