FERRIS *v*. POUCHER.

LIFE ESTATES—SALE — DEATH OF TENANT — RECOVERY OF PRICE.
A widow, entitled under her husband's will to a life estate in
· certain of his lands, agreed with his heirs, to facilitate sale,
to accept certain personal property and $1,500 in cash for
that interest and to execute deeds therefor on payment of
the agreed price by a purchaser or the other parties to the
contract within one year, the heirs agreeing to make sale and
pay the price within one year if possible, if not, she to be re-
stored to her life estate if she so desired, unless the heirs de-
sired to pay the price. Soon after delivering possession of
the land and receiving the personal property the widow died.
*Held*, that on sale of the land by the heirs within one year
the widow's administrator was entitled to recover the $1,500.

Appeal from Lenawee; Chester, J. Submitted Feb-
ruary 17, 1908. (Docket No. 166.) Decided April 1,
1908.

Bill by Albert Ferris, administrator of the estate of
Katie Ann Baer, deceased, against William R. Poucher,
administrator of the estate of John A. Baer, deceased,
and others, to reach certain funds in the hands of defend-
ant administrator. From a decree for complainant, de-
fendants appeal. Affirmed.

*Fellows & Chandler*, for complainant.

*D. B. Morgan, J. L. O'Mealey*, and *Burton L. Hart*,
for defendants.

Complainant's decedent, Katie Ann Baer, and defend-
ant Poucher's decedent, John A. Baer, were husband and
wife. The other defendants are the devisees and children
of John A. Baer,—all but Rose Williamson being the
children by a former marriage. Mr. Baer died February
2, 1905. His estate, approximating $10,000, consisted

practically of real estate. It was farm land, consisting of three separate parcels,—one 80, one 40 and one of 35 acres, the latter being the homestead. He left no indebtedness. He bequeathed to Mrs. Baer for life a 12-acre piece out of the 80 and the home farm of 35 acres, with the right of firewood from the other lands until they should be sold. Mrs. Baer, after investigation, decided to take under the will. Under the situation the land could not be easily sold to advantage. An agreement was therefore made on March 31, 1905, between Mrs. Baer and the defendants by which Mrs. Baer agreed to take $1,500 and certain personal property in lieu of the provisions. of the will. She agreed to quitclaim all her right, title, and interest in the lands to the purchaser or purchasers thereof upon payment to her of the $1,500, or to the defendants themselves upon payment thereof.

It was further agreed that she should retain the use of the house without charge until March, 1906. It was further stated that her interest in the real estate of Mr. Baer was considered worth $1,500, and that when the land was sold it was agreed that she should be paid $1,500 in cash, provided she executed the deeds mentioned. It was also arranged that the purchaser or purchasers might retain the $1,500 out of the purchase price to be paid to her. The contract contained these provisions:

"In fact the said second parties expressly agree that said first party shall be paid fifteen hundred dollars for all her right, title and interest in and to the real estate of John A. Baer, deceased, the form of payment being immaterial whether by them or the purchaser or purchasers, and said second parties agree to pay the same or see the same paid.   *   *   *

"It is understood between the parties hereto that upon the receipt of said personal property and the household goods and said fifteen hundred dollars, the interest and rights of said first party unto the estate of said John A. Baer shall be forever barred."

They also agreed to pay the taxes for that year and until the deed or deeds were made. It was also provided

that she should have the personal property at once, and that the $1,500 should be paid within one year from the date of the contract.  If not paid within the year the contract states: "She shall have the right to be restored to her life use in said premises should she so desire."

The second parties to the agreement bound themselves that the land should be sold and that she should receive her $1,500 within the year if possible; but if not sold within a year she shall be restored to her life estate if she so desired, unless said second parties desired to pay it.

Upon the execution of this contract Mrs. Baer gave up possession of the land in accordance with its terms.  On the same day a petition was made for her allowance as widow and an order entered by the probate court in accordance with the terms of the contract turning the personal property over to her.  She died in October, 1905. Shortly after her death and before the expiration of the year the parties sold the land through the administrator for $9,125,—the sale was confirmed and the money paid. Complainant as Mrs. Baer's administrator made a demand upon the defendant administrator for the payment of the money.  This was refused and the complainant filed this bill to subject the funds in the hands of the defendant administrator for its payment.  Decree was entered for the complainant.

GRANT, C. J. ( *after stating the facts*).  Complainant was possessed of a life estate by the will of her husband.  The defendants desired to buy that interest so that they might sell the land to advantage.  They agreed upon terms.  They settled upon the present value of her life estate as $1,500 and certain other property.  She agreed to accept that consideration and to convey the land upon its receipt.  The question is not affected by her agreement to execute a deed.  Had the contract contained no clause for executing a deed, she could have been compelled to execute the proper deed upon payment of the consideration, or a decree would stand as such conveyance.  She

executed the contract upon her part fully as far as it could be done, until she received the $1,500. She surrendered possession; she conveyed away her right to sell or lease her life interest and gave the defendants one year within which to carry out their part of the contract. The contract was one for the sale of an interest in land. She had parted with her equitable title, and the interest she retained by virtue of the contract was personalty, a debt secured by the contract. *Bowen* v. *Lansing*, 129 Mich. 117 (57 L. R. A. 643).

The land was sold within the year, and now the defendants seek to obtain by the act of God title to property the value of which they had fixed and had agreed to pay. They seek to avoid a contract from which they received a benefit during the life of the deceased. Defendants were in possession under a contract of purchase, and cannot set up an adverse title to defeat their contract. *Curran* v. *Banks*, 123 Mich. 594.

Whatever she derived from her life interest was her absolute property. *Pickey* v. *Culbertson*, 50 Mo. 341.

"When the tenant for life sells his life estate, he sells it for what it is worth, and of course his share of the purchase money does not depend upon the future event of his life or death, but upon its present value." *Foster* v. *Hilliard*, 1 Story (U. S.), 77.

It is immaterial whether Mrs. Baer received cash or a promise to pay. The present value of her life estate was agreed upon and that is conclusive upon the parties. Her death does not affect the title to the money which she was entitled to receive. Had she become insane her guardian could execute the deeds required by the contract. Had the land been sold and the money paid to the administrator while Mrs. Baer was living and she had died before the administrator had had an opportunity to pay her the money, or she to execute a deed, she could not herself then execute one, but her heirs and representatives could.

We are not concerned to determine what would have been the rights of the parties provided the land would not have

been sold within the year. Upon the sale within the year, the rights of the parties became fixed, and either party could then have enforced the contract against the other.

Decree affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.