*In re* LEDWIDGE ESTATE

Docket No. 71421. Submitted March 14, 1984, at Lansing.—Decided
    August 7, 1984.

The father of John C. Ledwidge died and left a farm to his six
    children in equal shares. Through quit-claim deeds from their
    siblings John Ledwidge and his sister Veronica acquired all the
    interests in the property. In 1968, John and Veronica conveyed
    the property by quit-claim deeds to themselves "as joint tenants
    with full rights of survivorship and not as tenants in common",
    a 1/4 interest to be in Veronica and a 3/4 interest to be in
    John. In 1979, John, by quit-claim deed, conveyed a 1/6 inter-
    est in the property to himself and Veronica, using the same
    langauge as in the 1968 deeds. John Ledwidge died and his
    interest in the farm was not treated as an asset of his estate.
    Veronica Ledwidge died in 1982. The eight children of John's
    brother William, who are residuary beneficiaries designated in
    John's will, became aware of the deeds and petitioned the
    Washtenaw County Probate Court to reopen John's estate.
    Petitioners claimed that, at the time of his death, John Led-
    widge owned an individual 7/12 interest in the farm property.
    The probate court, Rodney E. Hutchinson, J., held that, by
    means of her right of survivorship, all rights to the property
    vested in Veronica Ledwidge when John Ledwidge died. The
    court denied the petition to reopen the estate. Petitioners
    appeal. *Held:*

    1. The common-law requirement of unity of title necessary to
    create a joint tenancy has been abolished by statute. Rigid
    adherence to the requirement of unity of time, title, interest,
    and possession in creating a joint tenancy is not warranted
    where such adherence will defeat the intent of the grantors.

    2. Deeds to "joint tenants with right of survivorship, and not
    as tenants in common" convey a moiety to the joint tenants for
    life with remainder to the survivor in fee. The right of survi-
    vorship intended by John and Veronica was a remainder which

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 4, 9-14.
[2] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 3, 7, 11, 13.

could not be defeated by an act of one of the joint tenants. The probate court properly denied the petition.

Affirmed.

1. JOINT TENANTS — UNITY OF TITLE — INTENT OF GRANTORS.

The common-law requirement of unity of title to create a joint tenancy by a written conveyance of property has been abolished by statute; rigid adherence to the requirement of unity of time, title, interest, and possession in creating a joint tenancy is not warranted where such adherence will defeat the intent of the grantors (MCL 565.49; MSA 26.565).

2. JOINT TENANTS — RIGHT OF SURVIVORSHIP.

Deeds to "joint tenants with right of survivorship, and not as tenants in common" convey a moiety to the joint tenants for life with remainder to the survivor in fee; neither grantee can convey any interest in the fee estate and thus deprive the other of the right of survivorship.

*Fahrner & Steingold* (by *Fred S. Steingold*), for petitioners.

*James T. Henley,* for appellee.

Before: SHEPHERD, P.J., and ALLEN and A. E. KEYES,* JJ.

PER CURIAM. Petitioners, residuary beneficiaries under the will of John C. Ledwidge, appeal as of right from an order declining to reopen the estate of Mr. Ledwidge.

The facts relevant to this appeal are not in dispute. The father of John C. Ledwidge died in 1948. He left the subject property (a Dexter Township farm) to his six surviving children in equal shares. Through quit-claim deeds from their siblings, John C. Ledwidge and his sister Veronica acquired all of the interests in the property. John C. held four shares and Veronica held two. In

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1968, Veronica and John C. Ledwidge quit-claimed the property as follows:

"to Veronica M. Ledwidge and John C. Ledwidge as joint tenants with full rights of survivorship and not as tenants in common; an undivided 1/4 interest in Veronica M. Ledwidge and an undivided 3/4 interest in John C. Ledwidge * * * the following described premises".

In 1979, John C. Ledwidge quit-claimed an interest he described as an undivided 1/6 interest in the property to John C. Ledwidge and Veronica M. Ledwidge, "as joint tenants with full rights of survivorship and not as tenants in common".

On appeal, petitioners claim that the probate judge erred by holding that, by means of her right of survivorship, all rights to the property in question vested in Veronica Ledwidge when John C. Ledwidge died. We agree with the decision of the probate judge and affirm.

Petitioners argue that the unequal shares (John's 3/4 to Veronica's 1/4) defeated the unity of interest required to create a joint tenancy in Michigan. See *Union Guardian Trust Co v Vogt,* 263 Mich 330, 334; 248 NW 639 (1933).

The decision on appeal depends on the effect of the parties' grant of undivided, yet unequal, interests in the property. Under the common law, the written instrument of conveyance had to produce unity of time, title, interest, and possession in order to create a joint tenancy. *Weiler v Heuple,* 4 Mich App 654, 658; 145 NW2d 352 (1966); *Union Guardian Trust Co, supra.* Because the first conveyance in this case was of the parties' separate interests to themselves as a unit in unequal interests, the conveyance lacked the common-law requirements of unity of title and unity of interest.

In 1955, the Legislature abolished the requirement of unity of title in creating a joint tenancy by enacting MCL 565.49; MSA 26.565.[1] Since then, no Michigan case has addressed the statute's effect on the necessity of the existence of the four unities in creating a joint tenancy. In *Frey v Wubbena,* 26 Ill 2d 62; 185 NE2d 850 (1962), the Illinois Supreme Court addressed an analogous question. Illinois has a statute similar to MCL 565.49; MSA 26.565, doing away with the requirement of unity of title in creating joint tenancies. The *Frey* Court held that the Illinois statute relaxed the requirement that the four unities exist in the creation of a joint tenancy, and that a joint tenancy would be created if the statutory requirements were met. 26 Ill 2d 66.

Looking primarily to the intent of the parties, courts in other jurisdictions have concluded that the four unities do not have to exist in order to create a joint tenancy. See *Cleaver v Long,* 69 Ohio Law Abs 488; 126 NE2d 479, 482 (1955); *In re Estate of Baker,* 247 Iowa 1380, 1384; 78 NW2d 863 (1956); *Merchants & Planters Bank v Myers,* 644 SW2d 683, 689-690 (Tenn App, 1982). This Court interprets MCL 565.49; MSA 26.565 to mean that rigid adherence to the requirement of the four unities in creating a joint tenancy is not warranted where such adherence will defeat the intent of the grantor(s).

Petitioners cannot prevail even if the 1969 deed failed to create a true joint tenancy. The language

---

[1] "Conveyances in which the grantor or 1 or more of the grantors are named among the grantees therein shall have the same force and effect as they would have if the conveyance were made by a grantor or grantors who are not named among the grantees. Conveyances expressing an intent to create a joint tenancy or tenancy by the entireties of the grantor or grantors together with the grantee or grantees shall be effective to create the type of ownership indicated by the terms of the conveyance."

used in the deed "as joint tenants with full rights of survivorship and not as tenants in common" does not create a "mere joint tenancy", but creates something more. This type of deed language was analyzed thoroughly by the Supreme Court in *Ballard v Wilson,* 364 Mich 479, 483-484; 110 NW2d 751 (1961). Deeds to "joint tenants with right of survivorship, and not as tenants in common" convey a moiety to the joint tenants for life with remainder to the survivor in fee; neither grantee can convey any interest in the fee estate and thus deprive the other of the right of survivorship. *Ballard, surpa,* pp 483-484. Even if we were to conclude that the unequal interests of John C. and Veronica Ledwidge negated the unity of interest required for a joint estate, this conclusion would have no effect on the right of survivorship. The 1969 deed was intended to create full rights of survivorship in both John and Veronica. This right of survivorship is not an incident of a simple joint tenancy, but a remainder which cannot be defeated by the act of the other joint tenant.

Affirmed.