ALBRO v ALLEN

Docket No. 102836. Submitted June 7, 1988, at Detroit. Decided July 19, 1988. Leave to appeal applied for.

Helen R. Albro brought an action in the Macomb Circuit Court against Carol L. Allen and Steven Kinzer to declare void a sales agreement in which Allen agreed to sell her interest in certain real property to Kinzer and to permanently enjoin the alienation of Allen's interest without plaintiff's consent. Plaintiff and Allen owned the property in question as joint tenants with rights of survivorship. The court, Robert J. Chrzanowski, J., held the sales agreement to be void and permanently enjoined Allen from alienating her interest in the property without plaintiff's consent. Kinzer appealed.

The Court of Appeals *held:*

A joint tenant with right of survivorship may convey his future contingent interest in the res since such a conveyance does not defeat the survivorship element of the precedent joint life estate. The court's order was, therefore, too broad.

Remanded with instructions.

1. Joint Tenants — Right of Survivorship.

A deed providing that those to whom the land is conveyed shall hold as joint tenants with rights of survivorship creates a joint life estate in all of the grantees followed by a contingent remainder in fee to the survivor; this right of survivorship cannot be defeated by the voluntary act of one of the life tenants.

2. Joint Tenants — Right of Survivorship — Alienation.

A joint tenant with right of survivorship may convey his future contingent interest in the res since such a conveyance does not defeat the survivorship element of the precedent joint life estate.

References

Am Jur 2d, Cotenancy and Ownership §§ 3, 11, 16-18, 31.

Contract of sale or granting of option to purchase, to third party, by both or all of joint tenants or tenants by entirety as severing or terminating tenancy. 39 ALR4th 1068.

What acts by one or more of joint tenants will sever or terminate the tenancy. 64 ALR2d 918.

*York & Dolan, P.C.* (by *John A. Dolan*), for plaintiff.

*Anthony & Hearch* (by *Francis J. Hearch, Jr.*), for defendant Kinzer.

Before: KELLY, P.J., and GRIBBS and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. Defendant Steven Kinzer appeals as of right from a Macomb Circuit Court order granting summary disposition under MCR 2.116(C)(8) in favor of plaintiff Helen Albro.

On October 14, 1977, Robert and Pamela Johnston quitclaimed two lots of real property in Macomb County to plaintiff Albro and defendant Carol Allen "as joint tenants with full rights of survivorship." About ten years later, on April 23, 1987, Allen entered into a purchase agreement, without the consent or approval of plaintiff, wherein defendant Kinzer agreed to purchase Allen's interest in the real property. Plaintiff responded by commencing this action against Allen and Kinzer. Plaintiff sought to permanently enjoin Allen from selling her interest in the real property and requested an accounting.

Both plaintiff Albro and defendant Kinzer thereafter moved for summary disposition under MCR 2.116(C)(8) on the legal issue of whether Allen could alienate her interest in the property without plaintiff's consent. The trial court ruled, as a matter of law, that Allen could not alienate her property interest without the consent and approval of plaintiff. Further, the court permanently enjoined Allen from alienating her property interest without plaintiff's consent and approval and declared the purchase agreement cancelled, set

---

* Circuit judge, sitting on the Court of Appeals by assignment.

aside and held void. On appeal, defendant Kinzer claims that the trial court erred as a matter of law and seeks a reversal of the trial court's decision barring the conveyance of Allen's property interest to defendant Kinzer.

The parties do not dispute that a joint tenancy was created when the Johnstons quitclaimed the real property to plaintiff Albro and defendant Allen. In an ordinary joint tenancy, either grantee can defeat the survivorship element of the tenancy by conveying his or her interest to a third party since the estate would become a tenancy in common by operation of law. *Ballard v Wilson,* 364 Mich 479, 483; 110 NW2d 751 (1961), and see 24 Callaghan's Michigan Civil Jurisprudence, Tenants in Common and Joint Tenants, § 11, p 152. However, it is well established that the addition of the words "with the right of survivorship" to a deed creating a joint tenancy has special meaning and, if added, "neither party may transfer the title to the premises and deprive the other of such right of survivorship." *Ames v Cheyne,* 290 Mich 215, 218; 287 NW 439 (1939), and see *Ballard, supra,* p 484; *Butler v Butler,* 122 Mich App 361, 364; 332 NW2d 488 (1983); *In re Ledwidge Estate,* 136 Mich App 603, 607; 358 NW2d 18 (1984). The added language is construed as creating a joint life estate followed by a contingent remainder in fee to the survivor. *Butler, supra,* p 364.

Since the deed in this case contains the added language, Allen cannot alienate her property interest so as to defeat plaintiff Albro's right of survivorship. The principal question raised by defendant Kinzer on appeal concerns what effect, if any, our construction of the added language as creating both a present and future contingent interest has on Allen's right to alienate her property interest. In granting summary disposition in

favor of plaintiff, the trial court made no distinction between Allen's present and future interest. We find the distinction significant and, accordingly, partially reverse the trial court's grant of summary disposition in favor of plaintiff.

Only Allen's present interest, a life estate, is a joint tenancy. With regard to this estate, it is clear that Allen cannot alienate her property interest without plaintiff's consent and approval since, by operation of law, any alienation would convert the joint life estate to a tenancy in common, thereby defeating the survivorship element of the joint life estate. Since this occurrence would cut off plaintiff's contingent remainder in fee, contrary to the grantors' intent, *Ballard, supra,* p 483, we affirm the trial court's decision to the extent that it enjoined Allen from alienating her present interest in the joint life estate without plaintiff's consent and approval.

With regard to Allen's future contingent interest, a fee simple, we hold that her conveyance of that interest to a third party would not defeat the survivorship element of the precedent joint life estate and, thus, can be conveyed. This is so because future contingent interests are alienable. MCL 554.35; MSA 26.35, and see *In re Edgar Estate,* 137 Mich App 419, 424; 357 NW2d 867 (1984), rev'd on other grounds 425 Mich 364; 389 NW2d 696 (1986). Allen's contingent interest is not as a joint tenant, but rather as a remainderman. The occurrence of the contingency (sole survivorship) would have the effect of terminating the joint tenancy and providing the remainderman with a fee interest in the property. Because Allen's present conveyance of her future interest would not involve any interest in a joint tenancy, any question regarding a joint tenant's right of survivorship simply does not arise.

For these reasons, we conclude that the trial court's order granting summary disposition in favor of plaintiff and enjoining Allen from making any alienation of her property interest to a third party without plaintiff's consent or approval was too broad. Allen can lawfully alienate her future contingent interest in fee to a third party without defeating plaintiff's right of survivorship. Although we are unable to grant any relief with regard to Allen's present interest in the property, we believe that the Legislature should take notice of the problems faced in such joint tenancies when the tenants are unable to get along. We remand to the trial court to modify its order of permanent injunctive relief consistent with this opinion.

Remanded. Jurisdiction is not retained.