ALBRO v ALLEN

Docket No. 83890. Argued October 5, 1989 (Calendar No. 9). Decided March 20, 1990.

Helen R. Albro brought an action in the Macomb Circuit Court against Carol L. Allen and Steven Kinzer, seeking to enjoin the sale to Kinzer of Allen's life estate interest in certain real property which Albro and Allen held as joint tenants with full rights of survivorship. The court, Robert J. Chrzanowski, J., granted summary disposition for Albro, permanently enjoining the pending sale and any future transfer without the consent of Albro, stating that where property stands in the name of joint tenants with the right of survivorship, neither party may transfer title to the premises and deprive the other of such right of survivorship. The Court of Appeals, MICHAEL J. KELLY, P.J., and GRIBBS and C. W. SIMON, JR., JJ., affirmed (Docket No. 102836). Kinzer appeals.

In a unanimous opinion by Justice BOYLE, the Supreme Court *held:*

The contingent remainder of either cotenant holding title to real property as a joint tenant with full rights of survivorship may not be destroyed by any act of the other. Either cotenant may transfer an interest in the joint life estate, and such a transfer has no effect on the contingent remainders. Upon the death of either of the original cotenants, the surviving cotenant or any person to whom the survivor's contingent remainder was transferred takes the entire estate. The joint life estate may be partitioned without affecting the contingent remainders.

1. A joint tenancy with full rights of survivorship is comprised of a joint life estate with dual contingent remainders. While the survivorship feature of an ordinary joint tenancy may be defeated by the act of a cotenant, the dual contingent remainders of a joint tenancy with full rights of survivorship

REFERENCES

Am Jur 2d, Cotenancy and Joint Ownership § 16; Life Tenants and Remaindermen §§ 1, 27.

See the Index to Annotations under Cotenancy and Joint Ownership; Life Estates, Remainders, and Reversions.

are indestructible. A cotenant's contingent remainder cannot be destroyed by an act of the other cotenant. Thus, Allen could convey to Kinzer an undivided interest in the joint life estate to terminate at the death of either of the original cotenants.

2. The joint life estate element of a joint life estate with dual contingent remainders may be partitioned without doing violence to the contingent remainders. All persons holding land as joint tenants or tenants in common may have the land partitioned. The dual contingent remainders are not subject to partition because they are not possessory estates, and thus are unaffected by partition of the life estate.

3. The portion of the decision of the Court of Appeals which would preclude transfer of a cotenant's interest in a joint life estate is reversed, and the case is remanded to the trial court for modification of its order of permanent injunctive relief.

Reversed in part and remanded in part.

170 Mich App 238; 428 NW2d 34 (1988) reversed in part.

JOINT TENANTS — RIGHTS OF SURVIVORSHIP — LIFE ESTATES.

The contingent remainder of either cotenant holding title to real property as a joint tenant with full rights of survivorship may not be destroyed by any act of the other; either cotenant may transfer such an interest in the joint life estate, and such a transfer has no effect on the contingent remainders; upon the death of either of the original cotenants, the surviving cotenant or any person to whom the survivor's contingent remainder was transferred takes the entire estate.

*York & Dolan, P.C.* (by *John A. Dolan*), for the plaintiff.

*Anthony & Hearsch* (by *Francis J. Hearsch, Jr.,* and *Eileen K. Smith*) for the defendants.

Amicus Curiae:

*May, Gowing, Simpson & Strote* (by *Thomas C. Simpson* and *Allison D. Daniels*) for the Real Property Law Section, State Bar of Michigan.

BOYLE, J. The issue before us is whether a person who holds title to real property with another as "joint tenants with full rights of survivor-

ship" may convey a life estate interest without the consent of the cotenant. The Court of Appeals held that the trial court was correct in enjoining such a transfer. We disagree.

I

On October 14, 1977, certain commercial property in Macomb County was conveyed to Carol Allen and Helen Albro "as joint tenants with full rights of survivorship." On April 23, 1987, Carol Allen entered into a purchase agreement with Steven Kinzer, in which she agreed to convey her interest in the property to Kinzer by quitclaim deed.

On May 12, 1987, Helen Albro instituted an action to enjoin sale of Allen's interest. Both Allen and Kinzer were named as defendants. Upon institution of the action, a temporary restraining order was entered enjoining the sale.

Both Albro and Kinzer filed motions for summary disposition pursuant to MCR 2.116(C)(8). The trial court granted summary disposition in favor of Albro and permanently enjoined Allen and Kinzer from completing the pending sale, and further enjoined Allen "from any transfer, conveyance, sale or alienation of such property without the consent and approval of Helen R. Albro . . . ." The trial court in its opinion noted the general rule that "one joint tenant can transfer his or her undivided interest in the estate to a third person, who becomes a tenant in common with the other joint tenant," thus destroying the survivorship feature. However, the court stated that "where property stands in the name of joint tenants with the right of survivorship, neither party may transfer title to the premises and deprive the other of such right of survivorship." The court found that

the sale of Allen's interest would create a tenancy in common and necessarily deprive Albro of her right of survivorship.

The Court of Appeals described the interest held by Albro and Allen as "a joint life estate followed by a contingent remainder in fee to the survivor." 170 Mich App 238, 240; 428 NW2d 34 (1988). The Court of Appeals found that the contingent remainder was alienable, and that Allen could "lawfully alienate her future contingent interest in fee" without destroying Albro's right of survivorship. *Id.,* p 242. However, the Court of Appeals held that Allen could not alienate her interest in the joint life estate, since "by operation of law, any alienation would convert the joint life estate to a tenancy in common, thereby defeating the survivorship element of the joint life estate." *Id.,* p 241.

Kinzer sought leave to appeal in this Court, contending that the Court of Appeals erred in concluding that Allen could not transfer her interest in the joint life estate. We granted leave on that issue, 432 Mich 892 (1989). The alienability of the contingent remainder is not before us.

II

Michigan law recognizes two forms of joint tenancies. The first is of the type typically recognized in various jurisdictions. This joint tenancy is characterized by the four unities, that is, unity of interest, unity of title, unity of time, and unity of possession. 2 Tiffany, Real Property (3d ed), § 418, p 196.[1] Each joint tenant shares in possession of the entire estate, and each is entitled to an undivided share of the whole. 4A Powell, Real Property, ¶ 617[1], p 51-9. The principal characteristic

---

[1] In Michigan, MCL 565.49; MSA 26.565 abolishes the requirements of unities of time and title.

of the joint tenancy is the right of survivorship. Upon the death of one joint tenant, the surviving tenant or tenants take the whole estate. Tiffany, *supra,* § 419, p 198. In the standard joint tenancy, the right of survivorship may be destroyed by severance of the joint tenancy. *Id.,* p 199. The joint tenancy may be severed by an act of the parties, by conveyance by either party, or by levy and sale on an execution against one of the parties. *Smith v Smith,* 290 Mich 143; 287 NW 411 (1939). If one joint tenant conveys his interest to a third party, then the remaining joint tenant and the grantee become tenants in common, thus destroying the element of survivorship. Powell, *supra,* ¶ 618[1], p 51-14; Tiffany, *supra,* § 425, p 209.

The "joint tenancy" involved in this case, while unfortunately sharing the same appellation as the typical joint tenancy, is an interest of a different nature. It is created by express words of survivorship in the granting instrument in addition to those creating a joint tenancy, such as "and to the survivor of them," *Schulz v Brohl,* 116 Mich 603, 605; 74 NW 1012 (1898); "to them and the survivor of them," *Finch v Haynes,* 144 Mich 352, 355; 107 NW 910 (1906); "or survivor of them," *Jones v Snyder,* 218 Mich 446, 447; 188 NW 505 (1922); "with right of survivorship," *Ballard v Wilson,* 364 Mich 479, 481; 110 NW2d 751 (1961); *Mannausa v Mannausa,* 374 Mich 6, 8; 130 NW2d 900 (1964); "with full rights of survivorship," *Jones v Green,* 126 Mich App 412, 413; 337 NW2d 85 (1983).

At the crux of this case is the distinction between the "joint tenancy with full rights of survivorship" and the ordinary joint tenancy. The "joint tenancy with full rights of survivorship" is comprised of a joint life estate with dual contingent remainders. See 1 Cameron, Michigan Real Property Law, § 9.11, p 274. While the survivor-

ship feature of the ordinary joint tenancy may be defeated by the act of a cotenant, the dual contingent remainders of the "joint tenancy with full rights of survivorship" are indestructible. A cotenant's contingent remainder cannot be destroyed by an act of the other cotenant.

The joint life estate with dual contingent remainders was first recognized in *Schulz v Brohl, supra.* In *Schulz,* the interest created by a deed to Peter Brohl and Christine Schulz "and to the survivor of them" was described as "a moiety to each [party] for life, with remainder to the survivor in fee." 116 Mich 605. Peter conveyed his interest to a third party, Joseph Brohl, reserving a life estate. Subsequent to Peter's death, Christine Schulz brought an action to quiet title. The Court held in her favor, stating that "[n]either grantee could convey the estate so as to cut off the remainder." *Id.* The question of a transfer of the life estate was not at issue, since Peter did not attempt to transfer his life estate, instead reserving it to himself.

In *Finch v Haynes, supra,* land was deeded to Cora Finch and Nellie Haynes "and the survivor of them." The Court again characterized the interest created as "a moiety to each [party] for life, with remainder to the survivor in fee." *Id.,* p 354. Nellie quitclaimed her interest in the land to her husband, John Haynes. Subsequent to Nellie's death, Cora Finch brought an action to quiet title. The Court noted that if the deed had merely made the parties "joint tenants of the fee," either of them could by conveyance deprive the other of the right of survivorship. *Id.,* p 355. However, where the parties were "joint tenants for life with a contingent remainder in fee to the one who survives," *id.,* quoting 1 Washburn, Real Property (6th ed), § 866, the Court held that "no joint ten-

ant [could], by his conveyance or otherwise, affect the right of survivorship." *Id.,* p 355. The question of the transfer of Nellie's life estate was not at issue, and could not have been, for upon the death of the original holder of the "joint life estate," Cora Finch's contingent remainder was realized, and she acquired title in fee.

In *Jones v Snyder, supra,* this Court construed a deed to Melvin Root and to Jared, Susan, and Flora Snyder "and to the survivors or survivor of them," as creating in the grantees a "joint tenancy for life . . . with a contingent remainder in fee simple to the survivor," *id.,* pp 447, 449. Root conveyed an undivided one-half interest in the property to Julia Jones. By the time Jones brought suit for partition, only Flora Snyder survived of the original grantees. The Court held in favor of Flora Snyder. Again, however, the Court was not required to decide whether Jones had acquired a life estate in the land by virtue of the conveyance from Root, for, upon the death of all of the other original cotenants, Flora Snyder acquired the land in fee.

The Court of Appeals has repeatedly recognized that the express words of survivorship create a joint life estate with dual contingent remainders, *Butler v Butler,* 122 Mich App 361, 364; 332 NW2d 488 (1983); ("joint life estate in all of the grantees followed by a contingent remainder in fee to the survivor"); *In re Ledwidge Estate,* 136 Mich App 603, 607; 358 NW2d 18 (1984) ("moiety to the joint tenants for life with remainder to the survivor in fee"); *Albro v Allen,* 170 Mich App 240 ("joint life estate followed by a contingent remainder in fee to the survivor").

The Court of Appeals correctly recognized that the interest held by Allen and Albro was a "joint life estate followed by a contingent remainder in

fee to the survivor," *id.,* but it erred when it applied the rules governing ordinary joint tenancies to this case. We do not agree with the conclusion that "by operation of law, any alienation would convert the joint life estate to a tenancy in common, thereby defeating the survivorship element of the joint life estate." *Id.,* p 241. Were this an ordinary joint tenancy, conveyance of one party's interest would indeed convert the tenancy into a tenancy in common, thus destroying the survivorship element of the joint tenancy. Powell, *supra.* However, where the interest held is a joint life estate with dual contingent remainders, the principles governing ordinary joint tenancies are not controlling.

Generally it is recognized that where the interest held is not an ordinary joint tenancy, but instead a joint life estate with dual contingent remainders, the right of survivorship cannot be affected by a conveyance of the life estate, 48A CJS, Joint Tenancy, § 19, p 352. See also *Mulvanity v Nute,* 95 NH 526, 527-528; 68 A2d 536 (1949). In *Spurlock v Commercial Banking Co,* 138 Ga App 892, 897; 227 SE2d 790 (1976), aff'd 238 Ga 123; 231 SE2d 748 (1977), the court described the nature of a "life estate with an alternative contingent remainder in fee simple":

> "[T]his is a completely different interest from the joint tenancy of the common law. A true joint tenant could sever the joint tenancy by conveying his interest to a third party and thus defeat the survivorship." Agnor, *Joint Tenancy in Georgia,* 3 Ga S B J 29, 30 (1966). Since a contingent remainder is indestructible, however, the right of survivorship in a joint account cannot be destroyed by "severance."

In *Halleck v Halleck,* 216 Or 23; 337 P2d 330

(1959), the Supreme Court of Oregon considered the same question that is before us today. In *Halleck,* the court concluded that a conveyance of land to two persons "not as tenants in common but with the right of survivorship" created in the grantees concurrent life estates with indestructible contingent remainders. *Id.,* p 39. Had the deed conveyed a joint tenancy, the court noted, conveyance of one cotenant's interest to a third party would have resulted in a tenancy in common in fee simple in the remaining cotenant and the third party. However, where the original grantees held concurrent life estates with contingent remainders, the right of survivorship could not be defeated:

> But this power to defeat the survivorship interest does not extend to co-tenants who hold concurrent life estates with contingent remainders. The contingent remainder which each co-tenant has cannot be defeated by any act of his co-tenant. [*Id.,* pp 40-41.]

Thus, the court held that a conveyance of one party's interest operated to convey only his life estate and contingent remainder.

What is abundantly clear upon review of the case law concerning the joint life estate with dual contingent remainders, in Michigan and in other jurisdictions, is that a contingent remainder cannot be destroyed by any act by the holder of the preceding life estate. However, this Court has not before today considered whether a cotenant's alienation of his interest in the joint life estate will necessarily destroy the contingent remainder.

The plaintiff urges that we should conclude that, since alienation of the life estate would destroy the contingent remainder, the life estate may not be alienated. The plaintiff's position rests on the

assumption that the joint life estate with dual contingent remainders is governed by the same rules governing ordinary joint tenancies, i.e., that conveyance by one cotenant will destroy the right of survivorship. But the estate at hand is not an ordinary joint tenancy; we would only confound the rules governing each interest were we to treat the joint life estate with dual contingent remainders as an ordinary joint tenancy. Instead, we should apply the principles which normally govern the component parts of the joint life estate with dual contingent remainders.

We begin with the life estate. It is well settled that life estates are freely transferable, *Ferris v Poucher,* 152 Mich 251; 115 NW 1054 (1908); *In re McBride's Estate,* 253 Mich 305; 235 NW 166 (1931). At common law, a life tenant's attempt to convey a greater estate than the life tenant held in the land would result in the forfeiture of the life estate and the destruction of a contingent remainder. 31 CJS, Estates, § 92, p 179; 1 Simes & Smith, Law of Future Interests, § 195, p 219. However, that rule is altered by statute in Michigan; a life tenant's conveyance transfers on only what the life tenant has:

> A conveyance made by a tenant for life or years, purporting to grant a greater estate than he possessed or could lawfully convey, shall not work a forfeiture of his estate, but shall pass to the grantee all the estate which such tenant could lawfully convey. [MCL 565.4; MSA 26.523.]

Moreover, the Legislature has decreed that the contingent remainder following the joint life estate may not be destroyed by alienation of the precedent estate or by any act by the owner of the precedent estate:

> No expectant estate can be defeated or barred
> by any alienation or other act of the owner of the
> intermediate or precedent estate, nor by any de-
> struction of such precedent estate by disseizin,
> forfeiture, surrender, merger, or otherwise. [MCL
> 554.32; MSA 26.32.]

The principle that life estates are transferable,
together with the rule that an expectant estate
may not be defeated by alienation of the precedent
estate, leads us to conclude that a person sharing
a joint life estate with dual contingent remainders
may convey his interest in the joint life estate,
without destroying the cotenant's contingent re-
mainder.

We find that a rule prohibiting the alienation of
the joint life estate would be contrary to the
settled principle that life estates are transferable,
*Ferris v Poucher, supra; In re McBride's Estate,
supra.* Moreover, Michigan recognizes a strong
public policy against restraints on alienation.
*Mandlebaum v McDonell,* 29 Mich 787 (1874);
*Braun v Klug,* 335 Mich 691; 57 NW2d 299 (1953).
Of course, a cotenant in a joint life estate cannot
convey an estate which will extend beyond his own
estate, Tiffany, *supra,* § 59, p 85. The interest
which Allen held in the joint life estate was lim-
ited by the dual contingent remainders; the joint
life estate would terminate upon the death of
Allen or Albro, whichever occurred sooner.[2] Thus,
Allen could convey to Kinzer an undivided interest
in the joint life estate, to terminate at the death of
either of the original cotenants.

[2] If Allen predeceases Albro, then, upon Allen's death, Albro's
contingent remainder will be realized and she will acquire title to the
land in fee. If Albro predeceases Allen, then Allen's contingent
remainder, which was transferred to Kinzer, will be realized and
Kinzer will acquire the land in fee.

### III

The plaintiff protests that "sound policy considerations" support a prohibition on alienation of the joint life estate held by Allen. The plaintiff contends that since the remedy of partition is not available to those holding a "joint tenancy with rights of survivorship," then alienation may "cast upon the remaining co-tenant an unwanted or impractical co-tenant," without the remedy of partition which would be available in an ordinary joint tenancy. It is true that this Court has denied partition to parties holding joint life estates with dual contingent remainders, *Ames v Cheyne,* 290 Mich 215; 287 NW 439 (1939).

We agree with the plaintiff that it would be anomalous to allow the conveyance of one cotenant's interest in a joint life estate when Michigan law bars partition between the remaining cotenant and the grantee. While the principles of concurrent ownership have never guaranteed amiability between cotenants—in both an ordinary joint tenancy and a tenancy in common, an original cotenant may find himself sharing possession as tenant in common with a stranger after a conveyance by the former cotenant—the remedy of partition is available if cotenants cannot get along.[3] Today we reconsider the rule against partition of a joint life estate with dual contingent remainders, and we conclude that the "joint life estate" element may be partitioned without doing violence to the contingent remainders.

---

[3] The interest of a tenant in common is fully alienable, Powell, *supra,* ¶ 602[9], p 50-13. A cotenant in an ordinary joint tenancy may also transfer his interest to a stranger, resulting in a tenancy in common between the original cotenant and the grantee. *Id.,* ¶ 618[1], p 51-14. A tenant in common has the right to compel partition, *id.,* ¶ 607[1], p 50-40, as does a cotenant in an ordinary joint tenancy. *Id.,* ¶ 619[2], p 51-18.

In *Ames v Cheyne, supra,* this Court, enforcing an oral contract, held that "[w]here property stands in the name of joint tenants with the right of survivorship, neither party may transfer the title to the premises and deprive the other of such right of survivorship." *Id.,* p 218. The Court concluded without further discussion that the plaintiff could not have partition. *Id.*

*Ames* has been the subject of critical comment:

> The court probably went to the extreme limit of finding a contract against partition in the case of *Ames v Chaney* [sic], (1939) 290 Mich 215, when it found that the parties by taking the land as joint tenants *with a right of survivorship* were contracting that they would not partition the premises. It seems quite likely that given a proper case reasonably argued the court would today find that property taken by persons as joint tenants with a right of survivorship was subject to partition since the statement "with right of survivorship" would reasonably be considered merely a statement of an incident of joint tenancy rather than a contract.[4] [Emphasis in the original.]

In *Ballard v Wilson, supra,* the Michigan Supreme Court again held that a "joint tenancy with right of survivorship" is not subject to partition. Like *Ames, Ballard* offered little support for its conclusion:

> Under the rule of *Ames v Cheyne* we hold that these parties intended to create and did create joint life estates followed by a contingent remainder in fee to the survivor, indestructible by the voluntary act of only one of the life tenants. Partition is denied. [364 Mich 484.]

4 Final Report of Joint Committee on Michigan Procedural Revision, Parts I & II, § 27.2, p 227 (1960); committee comment to 1961 PA 236, § 3304, effective January 1, 1963 (MCL 600.3304; MSA 27A.3304).

This Court in *Mannausa v Mannausa, supra,* approvingly cited both *Ames* and *Ballard,* but was not called upon to consider the question of partition.

Michigan's partition statute provides that "[a]ll persons holding land as joint tenants or tenants in common may have those lands partitioned," MCL 600.3304; MSA 27A.3304. As to who may bring an action for partition, the Legislature has stated:

> Any person who has an estate in possession in the lands of which partition is sought may maintain a claim for partition of those lands, but a person who has only an estate in reversion or remainder in the lands may not maintain a claim for their partition. [MCL 600.3308; MSA 27A.3308.]

An action for partition has as its object the distribution of possession between those entitled to possession. *Metcalfe v Miller,* 96 Mich 459; 56 NW 16 (1893); *Fox v Greene,* 289 Mich 179, 185; 286 NW 203 (1939). Partition may be accomplished voluntarily by cotenants or by judicial action. Powell, *supra,* ¶ 607[2], [3], pp 50-42 to 50-50. Physical division of the jointly held property is the preferred method of partition. *Id.,* ¶ 607[4], p 50-50. "Normally a physical division of the property confers upon each cotenant his respective fractional portion of the land." *Id.,* p 50-52. Where such a division results in inequalities in owners' shares, the court may award money payments to offset the difference. *Id.,* p 50-53. Although partition in kind is favored, the court may also order sale and division of the proceeds when it concludes that an equitable physical division cannot be achieved. *Id.,* ¶ 607[5], p 50-54.

We now turn to the question of partition of a joint life estate with dual contingent remainders. The dual contingent remainders are not subject to partition because they are not possessory estates,

MCL 600.3308; MSA 27A.3308.[5] Thus, the question becomes whether the parties' joint life estate is subject to partition. In *Metcalfe v Miller, supra,* p 462, this Court held that partition could be had as between owners of life estates. Of course, the partition is of a duration no longer than the duration of the estate which is partitioned. *Id.,* p 460. In *Rendle v Wiemeyer,* 374 Mich 30; 131 NW2d 45 (1964), the Court considered a situation in which one of several life tenants instituted partition proceedings, and partition of the entire estate was ordered, without reference to the fact that the party seeking partition held a life estate only. The Court held that "the proceedings could not partition what the parties did not have," and were "void as to the remaindermen . . . ." *Id.,* p 40. In other words, the remainders which followed the life estate were unaffected by partition of that estate.

Courts in other jurisdictions generally hold that joint life estates are subject to partition. The purpose of such partition is to allow each life tenant "to have, use, and enjoy his or her part during the term of such life interest . . . ." *Wright v Conner,* 200 Ga 413, 416; 37 SE2d 353 (1946). Partition between cotenants of a life estate will not affect the remainder. *Willhite v Rathburn,* 332 Mo 1208, 1216-1217; 61 SW2d 708 (1933). See also *Whittaker v Porter,* 321 Ill 368; 151 NE 905 (1926) (a life estate held as a tenancy in common may be partitioned); *Snapp v Gallehue,* 333 Ill 138, 142-143; 164 NE 222 (1928) (partition may be had of a common life estate); *Rupp v Molitor,* 320 Mo 938; 9 SW2d 609 (1928) (a life estate held by two persons, each

---

[5] Pursuant to the statutory language, a person holding only a contingent remainder may not maintain an action for partition. A person holding both a life estate and a future interest may have partition of the life estate only, absent a statute authorizing partition of future interests. Powell, *supra,* ¶ 607[3], p 50-44.

with an undivided one-half, may be partitioned); *Cottingham v Love,* 211 Ala 152; 99 So 907 (1924) (a life tenant to an undivided interest in land was entitled to partition).

The common law regarding partition of joint life estates is summarized in *Baskins v Krepcik,* 153 Neb 36, 39; 43 NW2d 624 (1950):

> The common law conferred this remedy upon joint tenants, tenants in common, owners of estates for life or years, and owners of estates in which some of the cotenants held for term of life or years and others held estates of inheritance. A prerequisite was an estate in possession, and none but parties having such estates were bound by the judgment, but the partition did not affect estates in remainder or contingency. Tenants of estates in remainder were not permitted to interfere with tenants in possession, but tenants in possession had power to compel partition confined to their particular estates but could do nothing towards effecting a severance of estates in remainder or reversion. It was the rule at common law and under the English statutes that estates of remainder or reversion could not be divided by proceedings for compulsory partition.

We find this summary of the common law persuasive; it is consistent with Michigan authority that life estates may be partitioned, *Metcalfe, supra,* and that partition of a life estate will not affect the estate in remainder, *Rendle, supra.*[6] Thus, we hold that the joint life estate element of such a cotenancy may be partitioned without affecting the contingent remainders. The retention of the rule against partition would be anomalous in view of our holding today that a party may

[6] In Michigan, the common law prevails unless abrogated by statute. *Myers v Genesee Co Auditor,* 375 Mich 1; 133 NW2d 190 (1965); *Bugbee v Fowle,* 277 Mich 485, 492; 269 NW 570 (1936).

alienate his undivided interest in a joint life estate. We expressly overrule those cases holding that a "joint tenancy with right of survivorship" may not be partitioned.[7]

### CONCLUSION

The interest which was conveyed by the deed to Carol Allen and Helen Albro "as joint tenants with full rights of survivorship" was a joint life estate with dual contingent remainders. The contingent remainder of either cotenant may not be destroyed by any act of the other. Thus, we hold that either cotenant may transfer her interest in the joint life estate and such a transfer has no effect on the contingent remainders. Upon the death of either of the original cotenants, the other cotenant, or any person to whom she has transferred her contingent remainder, takes the whole estate. We further hold that the joint life estate may be partitioned without affecting the contingent remainders.

We reverse the portion of the Court of Appeals decision which would preclude transfer of a cotenant's interest in a joint life estate, and remand the case to the trial court to modify its order of permanent injunctive relief pursuant to this decision.

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, ARCHER, and GRIFFIN, JJ., concurred with BOYLE, J.

---

[7] We do not disturb *Ames* and *Ballard, supra,* to the extent that they bar partition of the right of survivorship. See n 5 and accompanying text.