64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy Elizabeth BREWER and Oscar S. Brewer, Plaintiffs-Appellees,
v.
John A. MIDDLETON and Nancy M. Kingman, Defendants-Appellants.
 No. 94-1196.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1995.
 
 Before: CONTIE, RYAN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Oscar and Dorothy Brewer initiated this partition action against John Middleton and Nancy Kingman. On January 20, 1994, the district court granted the Brewers' motion for summary judgment and ordered partition of the contested property. We affirm.
 
 I.
 
 2
 The Sylvan Beach Resort Company ("the Company") owns land and a cottage on the peninsula situated between White Lake and Lake Michigan in Muskegon County, Michigan. Prior to her death, Helen Middleton owned the Company's stock and vacationed at the cottage. When Helen Middleton died in 1966, she bequeathed the Company's stock to her son, Edward Nixon Middleton, and her daughter, plaintiff-appellee Dorothy Brewer.[1]
 
 
 3
 When Edward Nixon Middleton died, his wife, Blanche, inherited his interest in the Company. When Blanche Middleton died in 1991, she bequeathed her interest to her children, defendants-appellants John Middleton and Nancy Kingman.[2] On November 29, 1991, the appellants and appellees, as tenants in common, executed a new lease with the Company.
 
 
 4
 On February 10, 1992, Oscar Brewer wrote to the appellants and suggested that they name a price at which they would either purchase the Brewers' shares in the Company or sell their respective shares to the Brewers. Months later, the appellants' attorney informed the Brewers that the appellants were not interested in selling their stock to the Brewers but would purchase the Brewers' stock for $102,000.[3] The Brewers rejected the appellants' offer.
 
 
 5
 The Brewers, seeking to partition the perpetual leasehold and appurtenant stock of the Company, subsequently filed this diversity action against their niece and nephew, Nancy Kingman and John Middleton. On September 24, 1993, the Brewers moved for summary judgment. On January 20, 1994, the district court granted the Brewers' motion for summary judgment and ordered the property sold and the proceeds divided among the parties in proportion to their respective interests.
 
 
 6
 Middleton and Kingman timely appealed.
 
 II.
 Standard of Review
 
 7
 Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When an appellate court reviews a grant of summary judgment, the district court decision is reviewed de novo." Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.) (citations omitted), cert. denied, 488 U.S. 880 (1988).
 
 The Sylvan Beach Property
 
 8
 In Albro v. Allen, 434 Mich. 271, 282 (1990), the Michigan Supreme Court held: "While the principles of concurrent ownership have never guaranteed amiability between cotenants--in both an ordinary joint tenancy and a tenancy in common, an original cotenant may find himself sharing possession as tenant in common with a stranger after a conveyance by the former cotenant--the remedy of partition is available if cotenants cannot get along." In fact,
 
 
 9
 [t]he interest of a tenant in common is fully alienable. A cotenant in an ordinary joint tenancy may also transfer his interest to a stranger, resulting in a tenancy in common between the original cotenant and the grantee. A tenant in common has the right to compel partition, as does a cotenant in an ordinary joint tenancy.
 
 
 10
 Id. at 282 (n. 3) (citations omitted).
 
 
 11
 Michigan's partition statute provides that "[a]ll persons holding lands as joint tenants or as tenants in common may have those lands partitioned." Mich.Comp.Laws Sec. 600.3304. "Partition may be accomplished voluntarily by cotenants or by judicial action." Albro v. Allen, 434 Mich. at 284 (citation omitted). Though physical division of jointly held property is the preferred method of partition, a court "may also order sale and division of the proceeds when it concludes that an equitable physical division cannot be achieved." Id. (citations omitted). See also Swan v. Ispas, 325 Mich. 39, 44 (1949) ("Courts of equity have jurisdiction ... to decree partition of property held by cotenants, the right of a cotenant to partition is absolute, and when the character of the property is such as to be insusceptible of partition among the cotenants, as is manifestly the case here, the court may order a sale of the property and distribution of the proceeds."); DeVries v. Brydges, 57 Mich.App. 36, 42-43 (1974) ("[T]enants in common may have their land partitioned.... If the property is found to be insusceptible of partition among the cotenants, the court shall order a sale of the property and a distribution of the proceeds.").
 
 
 12
 The Company is a summer resort corporation formed pursuant to Michigan's Summer Resort and Park Association Act, Mich.Comp.Laws Secs. 455.1-455.24. The Company owns the land; the shareholders lease the land from the Company. Any assignment, transfer, or other disposition of stock carries with it the right to the land appurtenant or attached to the stock. Mich.Comp.Laws Sec. 455.21.
 
 
 13
 In the "Joint Status Report" filed in district court on March 5, 1993, the parties agreed that:
 
 
 14
 The several parties are the owners of this perpetual leasehold as tenants in common and their interests and rights thereof are as follows: Plaintiffs are entitled to an undivided one-half interest in said leasehold, as joint tenants with full rights of survivorship; Defendant John A. Middleton is entitled to an undivided one-fourth interest in said leasehold; and Defendant Nancy M. Kingman is entitled to an undivided one-fourth interest in said leasehold.
 
 
 15
 Joint Status Report at 2 (emphasis added).
 
 
 16
 Because the parties are tenants in common, and because Michigan law clearly allows tenants in common to seek partition, the district court properly granted the Brewers' motion for summary judgment. See Albro v. Allen, 434 Mich. at 282 ("[T]he remedy of partition is available if cotenants cannot get along."). Indeed, the parties to this partition action could not even agree to replace a disabled furnace. Accordingly, partition is the appropriate relief.
 
 
 17
 We therefore AFFIRM.
 
 
 
 [1]
 Plaintiff-appellee Oscar S. Brewer is married to Dorothy Brewer
 
 
 [2]
 Accordingly, the Brewers hold an undivided one-half interest in the Company, and their niece and nephew, Nancy Kingman and John Middleton, each hold an undivided one-fourth interest in the Company
 
 
 [3]
 The $102,000 figure is one-half of the Company's appraised value (pursuant to Blanche Middleton's federal estate tax return)