*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

BRANDON SCOTT BERRY,

Defendant-Appellee.

FOR PUBLICATION
December 13, 2024
9:53 AM

No. 370494
Huron Circuit Court
LC No. 23-307051-FH

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

ERIN LEIGH BUCHHOLZ,

Defendant-Appellee.

No. 370495
Huron Circuit Court
LC No. 23-307052-FH

Before: YOUNG, P.J., and M. J. KELLY and FEENEY, JJ.

YOUNG, P.J.

In these consolidated interlocutory appeals, the prosecution appeals by leave granted[1] an order of the circuit court granting in part and denying in part Brandon Scott Berry and Erin Leigh Buchholz's joint motion to quash. Berry and Buchholz were bound over for trial on multiple

---

[1] *People v Berry*, unpublished order of the Court of Appeals, entered June 6, 2024 (Docket No. 370494); *People v Buchholz*, unpublished order of the Court of Appeals, entered June 6, 2024 (Docket No. 370495). On its own motion, the Court consolidated the appeals.

criminal charges stemming from their entry of a home on April 28, 2023.[2] At issue in this case is whether Berry, who co-owned the home in question, can enter a home that he co-owned but did not reside in without permission. We hold that he can. Because Berry's right to enter had not been altered, he could not be charged with first-degree home invasion on the basis that he entered the home without his co-owner's permission. Buchholz likewise could not be charged because Berry gave her permission to enter the home that night. We affirm the circuit court's quashing of charges of first-degree home invasion, MCL 750.110a(2), filed against Berry and Buchholz and remand for further proceedings as to the remaining charges.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Berry and his former girlfriend, Allyson Majeski, purchased the home in question 2019. They held record title as joint tenants with full rights of survivorship. The two lived in the house together until their relationship ended. Berry moved out of the home in December 2021. After moving out, Berry sought legal representation to protect his interest in the home. In June 2023, Berry and Majeski reached a settlement agreement, under which Majeski would assume full ownership of the home in exchange for paying Berry $14,000. However, before the parties settled, Berry and Buchholz entered the home while Majeski was out of town. Majeski's sister was in the home at the time, and she called 911 for assistance. When Berry and Buchholz eventually exited the home, officers arrested them.

Berry and Buchholz moved in the district court to have the first-degree home invasion charges dismissed. They argued that Berry could not be found guilty of home invasion for having entered his own home, and that Buchholz could not be found guilty because Berry gave her permission to enter. The district court rejected the argument. The district court considered Berry's actions since he moved out of the home in December 2021, and determined that he had established a landlord-tenant relationship with Majeski. The court stated that although Berry continued to be "a co-title holder," he had lost the right to enter the home without first providing Majeski notice. "At this point," the court explained, Berry "would need permission to enter from Ms. Majeski, like a landlord who needs to give notice and receive permission to enter a home that he or she owns."

In the circuit court, Berry and Buchholz jointly moved to quash their bindover on the first-degree home invasion charges. Berry and Buchholz argued that Michigan appellate courts have consistently ruled that a person cannot commit home invasion when the person has a right of entry. There was no court order modifying this right. Berry and Buchholz argued that Berry had a right to enter the home on April 28, 2023 as a joint tenant with full rights of survivorship. Buchholz had a right to enter by virtue of Berry's permission. Additionally, Majeski's preliminary examination testimony included that she and Berry had never established a landlord-tenant relationship; there was no lease agreement between the parties, express or implied.

---

[2] A third individual entered the home with Berry and Buchholz. Criminal charges brought against him were dismissed by the district court.

The circuit court affirmed the bind over on some lesser charges but concluded that the district court had abused its discretion by binding Berry and Buchholz on the charges of home invasion, reasoning as follows:

> Here, I don't see any type of landlord-tenant relationship. He's a co-owner of the property. The statutory language . . . does not require that permission be obtained from each of the enumerated entities. . . .

> \* \* \*

> . . . The Defendant in this case, not Ms. Buchholz, but, Mr. Berry, is a co-owner. As a result, the motion to quash, as to Mr. Berry and Ms. Buchholz, as to Count 1, is granted. . . .

The prosecutor appealed this aspect of the circuit court's order and we granted leave and consolidated these cases.

## II. STANDARD OF REVIEW

We review de novo a circuit court's decision on a motion to quash charges. *People v Crumbley*, 346 Mich App 144, 166; 11 NW3d 576 (2023). "[T]he dispositive question is whether the district court abused its discretion in binding over" Berry and/or Buchholz. *Id*. The district court "is required to determine at the conclusion of the preliminary examination whether there is probable cause that the defendant has committed a crime." *People v Anderson*, 501 Mich 175, 183; 912 NW2d 503 (2018) (quotation marks and citation omitted). "In order to bind a defendant over for trial in the circuit court, the district court must find probable cause that the defendant committed a felony based on there being evidence of each element of the crime charged or evidence from which the elements may be inferred." *Crumbley*, 346 Mich App at 167 (quotation marks, citation, and alteration omitted). "Probable cause requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Anderson*, 501 Mich at 183 (quotation marks and citation omitted). "Absent an abuse of discretion, a reviewing court should not disturb the district court's bindover decision. An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *Id*. at 182 (quotation marks and citation omitted).

## III. ANALYSIS

Berry and Majeski were joint owners of the property in question. While they hoped to divide it in some manner, they had not at the time of the alleged home invasion. As a result, Berry and Majeski were in a "joint tenancy with full rights of survivorship." *Albro v Allen*, 434 Mich 271, 274; 454 NW2d 85 (1990). Put simply, Berry maintained a right to enter and occupy the property unencumbered. *Id*. "Each join tenant shares in possession of the entire estate, and each is entitled to an undivided share of the whole." *Id*. For that reason, Berry could also give permission to individuals to enter. *People v Brownfield*, 216 Mich App 429, 432; 548 NW2d 248 (1996).

Despite Berry's status as co-owner, Berry and Buchholz were charged under MCL 750.110a(2)(b), which states:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> * * *
>
> (b) Another person is lawfully present in the dwelling.

The term "without permission" is defined by MCL 750.110a(1)(c) to "mean[] without having obtained permission to enter from the owner or lessee of the dwelling or from any other person lawfully in possession or control of the dwelling."

The prosecution argues that Berry's behavior after he moved out of the home established that he abandoned the home, and in so doing altered his interest in the home to one akin to that of a landlord. Accordingly, the prosecution argues that when Berry entered the home on April 28, 2023, he violated MCL 600.2918(5) by unlawfully interfering with his tenant's, i.e., Majeski's, possessory interest in the property. However, the prosecution does not support with legal authority, binding or not, its assertion that a joint tenancy with full rights of survivorship can be transformed to something that has the characteristics of a landlord-tenant relationship. Further, the prosecution's theory is inconsistent with Majeski's preliminary examination testimony that she and Berry never had a landlord-tenant relationship.

The prosecution concedes that there is caselaw instructing that a person can be found guilty of invading his or her own home where there is an existing legal restriction, like a court order, that impedes that person's ability to enter the home. For example, *People v Dunigan*, 299 Mich App 579, 583; 831 NW2d 243 (2013), involved a prosecution for second-degree home invasion, MCL 750.110a(3). In *Dunigan,* this Court observed in dictum that "it is possible to 'break and enter' one's own home if one has lost the legal right to be present in that home, for example, by operation of a court order." *Id*.; See also *People v Szpara*, 196 Mich App 270, 273; 492 NW2d 804 (1992) (rejecting the defendant's argument that he could not be charged with breaking and entering when the dwelling he allegedly broke into was the marital home). Here, there was no court order.

The prosecution notes, however, that the caselaw does not hold that this is the *only* way a co-owner can be denied the right to enter their home. But the prosecution does not provide support for the notion that the right to enter a property can be extinguished by abandonment of the property. Moreover, Berry's ongoing efforts to reach an agreement with Majeski concerning his interest in the home evidences that Berry never intended to abandon the home. See *Scoby, Trustee of Lanny L Scoby Trust v Mitchell*, ___ Mich App ___, ___; ___ NW3d ___(2024) (Docket No. 364152),

slip op at 9 ("there must be some showing of an intent to abandon to establish a claim for common-law abandonment.")

Additionally, the prosecution discusses at some length the legal distinction between the concepts of "residence" and "domicile." However, the term domicile is not found in MCL 750.110a. The home invasion statute uses the term "dwelling," which is defined by MCL 750.110a(1)(a) to "mean[] a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." Neither party reasonably debates that Buchholz and Berry entered a dwelling—Majeski lived there. Instead, the prosecutor seems to argue that because it was not *his* dwelling, Berry, and thus Buchholz, committed home invasion. That misses the point made clear by the circuit court— this case instead rises and falls with whether Berry "had permission" to enter, which he did, by way of ownership. "There is no breaking if the defendant has the right to enter the building." *People v Toole*, 227 Mich App 656, 659; 576 NW2d 441 (1998).

## IV.  CONCLUSION

In sum, because Berry's right to enter had not been altered, he could not be charged with first-degree home invasion on the basis that he entered his home without Majeski's permission. Nor could Buchholz, because Berry gave her permission to enter the home that night. See MCL 750.110a(1)(c). The circuit court did not abuse its discretion in granting in part the motion to quash the bindover. We affirm and remand for further proceedings with respect to the remaining charges. We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney