ZINA PITCHER ET AL. BY THEIR NEXT FRIEND V. SILAS
H. DOUGLAS AND EMILY L. PITCHER.

*Rents and Profits—Executor's Accounting.*

The devisee of a life estate is entitled to possession, rents, issues
and profits.

Proceedings to compel an executor to file an account should be
instituted in the probate, and not the Supreme Court.

Appeal from the Superior Court of Detroit.    Submitted
June 15.    Decided October 16.

INJUNCTION to restrain the collection of rents and the
sale or other disposition of property.    The will of Zina
Pitcher contained the following provisions:

*First,* I give and bequeath to my wife Emily L. Pitcher,
to have and to hold during the term of her natural life,
the use, rents, issues and profits accruing, or arising from
those two parcels of land known as lots six (6) and seven
(7) on the military reserve so called, etc., and in the event
of a sale thereof, as hereinafter mentioned, then she is to
have the interest on the proceeds thereof, for the term of
her natural life.    *    *    *Sixth,* I devise and direct my
executors to keep insured the dwelling houses on said lots
six and seven, and to keep them in repairs, and if they
shall deem most beneficial, they are authorized and empowered
to sell at auction said lots six and seven, and convey the
same and receive the proceeds thereof, and invest the same
on bond and mortgage, and pay the interest received thereon
to my wife, and in case of the destruction of my dwelling
on lot seven, my executors are also authorized and empowered
to rebuild the same with the insurance money received there-
for, or they may, if they think most beneficial to my estate,
sell and convey said lot, and thereupon invest the avails
thereof, and insurance money, if any, in bonds and mort-
gages, and pay the interest received thereon to my wife, for
and during the term of her natural life.    *Seventh,* I give
and devise to the children of my son Nathaniel Pitcher the
said lots six and seven, if not sold during the lifetime of
my wife, and in the event of their being sold, then I give
them the avails and proceeds (subject always to the life
estate of my wife and interest in said rents and interest) to

be divided amongst them, etc. *Eighth*, The rest and residue of my property and estate I devise to be used in the discharge of the mortgage on said lot six, and keeping the dwelling on said lots six and seven insured and in good order. *Ninth*, I hereby nominate and appoint as my executors my friends Henry N. Walker, Esq., of Detroit aforesaid, and Doctor Silas H. Douglas, of Ann Arbor, Michigan, and the survivor thereof, hereby giving them full power and authority in relation to my estate to do all acts and things they may deem best to all matters not herein specially directed.

The bill was filed by the infant children of Nathaniel Pitcher, appearing by their father as next friend. It alleged that Zina Pitcher died April 5, 1872; that at the time of his death lot six was mortgaged to Harvey Montgomery, Mrs. Pitcher's brother, and was under lease until May 1, 1873, since when it and the buildings upon it had been unoccupied, and the defendants had fraudulently refused to rent and repair them, and were then offering them for sale on long time for much less than the fair value; that on April 13, 1873, the executor Douglas, with Emily L. Pitcher's consent, had conveyed lot seven for the nominal consideration of $11,500, no part of which had been actually paid, but the purchaser had executed a mortgage upon the premises for the amount; that Emily L. Pitcher had a life estate in these lots under the will, and that complainants were possessed of the same or of the proceeds thereof in remainder, and that it was the duty of defendants, out of the rents and profits of said estate, to keep the houses and appurtenances in good repair and to keep down the interest upon the incumbrances, and that they had willfully and fraudulently disregarded their duty and misappropriated and misapplied the rents, issues and profits of said estate and allowed the buildings and appurtenances to run to waste; that Emily L. Pitcher had received and appropriated to herself all the said rents, issues and profits, and the defendants had allowed the interest on the mortgage to Montgomery to accumulate, although they had abundant means belonging to said estate, which legally ought to have been applied to paying it. The bill represented that the acts of defendants tended to the waste and destruction of the inter-

ests of complainants as remaindermen, and prayed that defendants be compelled to account for the moneys they had received for the estate; that a receiver be appointed to take charge of the assets of the estate; that defendants be restrained from selling, mortgaging, or otherwise disposing of lot six; that Emily L. Pitcher be restrained from collecting or receiving any rents, issues or profits from said property, and that Douglas be restrained from paying any part thereof to her. A general demurrer to the bill was sustained and the bill dismissed with costs, and complainants appealed.

*Otto Kirchner* for complainants and appellants. Equity will protect the interests of remaindermen and see that the estate comes to them undiminished. Story's Eq. Jur., § 843, *et seq.*

*D. C. Holbrook* and *C. I. Walker* for defendants. The probate court has exclusive jurisdiction of complaints against an executor for failure to account or file an inventory. *Holbrook v. Campau,* 22 Mich., 288.

MARSTON, J. Under the terms of the will of Zina Pitcher, deceased, the relief sought for in this case cannot be obtained.

Emily L. Pitcher was clearly given a life estate in lots six and seven, and as such was entitled to the possession and rents, issues and profits thereof, while other portions of the estate were expressly charged with the encumbrance thereon and with keeping the dwelling thereon insured and in good order. The executors were given full power, without the consent of any other person, to sell and convey these lots, and invest the proceeds thereof on bond and mortgage, and the interest thereon, without any abatement whatever, was to be paid to Mrs. Pitcher. In reference to requiring the executors to file an account, this is not the proper court to institute proceedings in for such a purpose. The probate court has full power and authority in the premises.

The decree dismissing the bill must be affirmed with costs.

The other Justices concurred.