## GILMAN *v.* BODEN.

PARTITION—ACTUAL DIVISION—PREJUDICE—EVIDENCE—SALE.

   3 Comp. Laws, § 11045, provides that, if the commissioner to whom a partition proceeding shall have been referred shall report that a division of the premises cannot be made without great prejudice to the owners, and the court shall be satisfied that the report is correct, it may order a sale of the premises. *Held,* that where the premises consisted of a building hexagonal in shape, and the commissioner reported that a partition could not be made without great prejudice, an order requiring the erection of a wall through the building, entailing the tearing out of various partitions, and changes in the size and form of rooms and stores, was erroneous, and the case was one for a sale under the statute.

Appeal from Wayne; Donovan, J. Submitted January 5, 1904. (Docket No. 1.) Decided March 23, 1904.

Bill by Baxter H. Gilman and wife against John M. Boden and wife for a partition. From a decree. directing a physical division of the premises, complainants appeal. Reversed.

*George W. Radford*, for complainants.

*John D. Harger*, for defendants.

MONTGOMERY, J. This is a bill filed by complainants, under the statute, for partition of lot 20 of Backus' subdivision of outlot No. 96 of the Woodbridge farm, situated on the southwest corner of Grand River and Trumbull avenues, in the city of Detroit; said Baxter H. Gilman and John M. Boden being equal owners thereof. Complainants appeal from a decree of the circuit court for the county of Wayne, entered July 22, 1903, directing a physical division of the property by the construction of a new brick wall through the building standing on the front portion of the lot, on a line supposed to divide the building into two equal portions, and fixing a basis of accounting for rents.

The lot is a hexagon in shape, with its southerly line at right angles to the westerly line of Trumbull avenue; the lot having a depth from Trumbull avenue of 120 feet, and a width at the rear of 35 feet. The lot has a combined frontage of 85.8 feet on Trumbull and Grand River avenues; the Trumbull-avenue front being 45.8 feet, the Grand River avenue 40 feet, forming an obtuse angle on the southwest corner of the two avenues. The westerly line of the lot is a broken line forming another obtuse angle at about the center, which is 59.9 feet from the southerly line of Grand River avenue, and at right angles thereto. From the center angle it extends 43.2 feet parallel with the south line.

The building covers the entire front end of the lot, and is 60 feet in depth. The width of the building at the rear end is about 44 feet, the wall forming another obtuse angle. The ground floor of the building is divided into three stores, separated from each other by two 12-inch solid brick partition walls, extending from the foundation to the roof. The second story of the building is divided into three flats, each covering the space between the brick partition walls, the same as the stores below, and parti-

tioned into several rooms each. The entrance to the flat over the southerly store, fronting on Trumbull avenue, is by means of a door and staircase leading up from the street. The other flats are reached by means of a like entrance, leading up from the street, in the front of the northerly store, which fronts on Grand River avenue.

The proposed wall ordered by the decree will bisect and extend from the corner of the building at the intersection of Trumbull and Grand River avenues to a point at the center of the rear wall. If such a wall is built, the middle or "keystone" store, as it is described in the record, will be cut into two parts. The southerly part, fronting on Trumbull avenue, would have a frontage of about 24 feet by 8 feet at the back end, while the other part, facing Grand River avenue, would have a frontage of about 18 feet on Grand River avenue and about 3 feet at the back end. The defendant, Boden, in order to do away with these narrow back ends, proposes, after the ground floor is divided by the proposed party wall, to convert each half of the building into one store, to do which would necessitate the removal of the present inside partition walls. Similar changes would be made necessary in the upper story. The evidence fairly tends to show that the expense of these changes would amount to $1,500. The commissioner reported that partition could not be made without great prejudice to the owners, and complainants asked that a sale be directed under section 11045, 3 Comp. Laws. The circuit judge overruled the commissioner, and directed a division as above indicated.

We think the case is one falling clearly within the purpose of the provisions of section 11045. If it be within the power of the court in any case to direct partition by building a partition wall, thus changing the purposes and adaptability thereto of a structure existing upon premises,—a point which we do not find it necessary to decide,—we are all agreed that the evidence in this case does not show that such a course could be taken with the building in question without great prejudice to the owners. The proposed

change involves more than mere construction; it involves a tearing down.

Complaint is also made of the finding of the court upon the question of rent and rental value, but we are not disposed to disturb the finding in this regard.

A sale of the premises will be decreed, and the case will be remanded, with directions to carry the decree into effect. Complainants will recover their taxable costs in this court.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.