BURNS *v.* AMBLER.

1. PARTITION—OWELTY—SALE OF PROPERTY AS A WHOLE—EQUITY.
   While owelty may be decreed in suit for partition of an estate between heirs, courts of equity, as a rule, should not force parties to accept buildings with a small and undivided portion of a lot on which they stand and impose a lien on some of the property for owelty so as to make up for inequalities where each of the parties would realize more from the proceeds if the entire property were sold as a whole, when half of them are unwilling to accept separate portions of the property (3 Comp. Laws 1929, § 15073).

2. SAME—EQUITY—DIVISION IN KIND.
   A court of equity is not bound to divide property in kind in partition proceedings.

3. SAME—OWELTY.
   The principle of owelty should be employed as little as possible (3 Comp. Laws 1929, § 15073).

4. SAME—SALE OF TRACT AS A WHOLE.
   Sale of two whole lots and a single fractional adjoining lot on which were located five principal buildings and several barns

and other buildings as a whole and division of the proceeds
was proper where the buildings are so grouped together that
division in kind with consequent application of the principle
of owelty would bring each party a lesser amount (3 Comp.
Laws 1929, § 15073).

Appeal from Wayne; Toms (Robert M.), J. Submitted June 3, 1942. (Docket No. 20, Calendar No. 41,959.) Decided September 8, 1942.

Bill by Edmund P. Burns and others against Estella M. Ambler and others for partition and an accounting. From decree rendered, defendants appeal. Affirmed.

*John D. Lynch,* for plaintiffs.

*Dunbar Davis,* for defendants.

BUTZEL, J. Edmund P., Vincent M. and Frank D. Burns, plaintiffs, together with their sisters Estella M. Ambler, Irene Herter, and brother Albert J. Burns, defendants, are the heirs of Edmund Burns, deceased, and as such became the owners of a rectangular parcel of real estate in the city of Detroit, Michigan, consisting of the north 3 feet of lot 42, and all of lots 43 and 44 of block 13 of the subdivision of part of the Meldrum and Beaufait farms. The property is located at the southwest corner of Meldrum and east Lafayette avenues, fronting 136.70 feet on Meldrum avenue and 140 feet on east Lafayette avenue. The lots, as laid out in the subdivision plat, front on Meldrum avenue. There is a two-story brick building at the corner of Meldrum and Lafayette avenues. West of this building and also fronting on Lafayette avenue are two frame houses each one story in height and also one frame house two stories in height. At the southeast corner

of the property is another frame house, to the north
of which there is a 12-foot private driveway run-
ning in from Meldrum, and some distance west of
which there is an incinerator and cement garbage
container. At the extreme southwest corner of the
property, there is a barn and 20 feet or more north
of it there is a two-story barn that will house two
cars. East of the latter barn is still another one-
car barn. There is also some unoccupied space in
the middle of the property. The property adjoins
an alley on its west side. The various buildings on
the property are mainly on the north side of the
property, the larger portion of them being on lot
44. The appraisers appointed by the probate court
appraised the two-story brick building at $4,500,
the first house west thereof at $1,600, the next house
at $1,500, the one west of the latter $2,000, and the
one facing Meldrum avenue at $1,500. This would
make the total appraised value $11,100. The record
does not show what value, if any, was placed on a
small amount of vacant property, most of which
was appurtenant to the buildings, but out of which
possibly one very small building lot might be
carved. Considering a lot with a cottage to be
worth only $1,500, not much value could be ascribed
to such vacant lot. The attorney for the defendants
concedes that his clients attempted to divide the
property, that it could not properly be done because
of the difficulty in dividing the property among six
parties. A circuit court commissioner, after taking
testimony on reference, found that the buildings
were so situated and of such varying values that
it was impossible to divide the property into equal
parcels among the six heirs. He recommended that
the real estate be sold and the proceeds divided.
The circuit judge confirmed the report. The sale
was held and the property bid in by the plaintiffs

at $15,100. The sale has not yet been confirmed because of the appeal by defendants.

Appellants propose that the three plaintiffs should each take one of the following three houses: the $1,500 and the $1,600 houses facing east Lafayette, and the $1,500 house facing Meldrum; that the defendants together be given the $4,500 building at the corner and that any small inequality in value could be taken care of by the sale of the $2,000 house fronting on east Lafayette avenue. As another possibility, they suggest that four of the parties each be awarded one of the four houses and that the other two each take a half interest in the brick store building at the corner, any inequality to be made up by proper allocation of vacant land. They ask further that, in the event of a sale of the real estate, original lot lines be disregarded and the land be sold as separate parcels to conform to the buildings. A sketch of the premises attached to the record showing the hodgepodge location of the various buildings, barns, outbuildings, vacant land possibly necessary for back yards, and the driveway, reveals many practical difficulties in attempting a division or sale of the property by parts or parcels. Property of this type, improved with many very old buildings, would probably bring a higher price if sold as a unit, since a single, larger lot might in time be used for other more profitable purposes than separate small portions of lots could be. We have examined the sketch of the property with care and believe that the trial judge came to the proper conclusion in ordering the property sold as an entirety.

Defendants further suggested that the court decree owelty so that the person to whom one piece of property is decreed pay any excess in value to others to whom a less valuable piece of property

is decreed. While this is permissible under the law (3 Comp. Laws 1929, § 15073 [Stat. Ann. § 27.2090]), courts of equity, as a rule, should not force parties in a partition suit to accept buildings with a small and undivided portion of a lot on which they stand and impose a lien on some of the property for owelty so as to make up for inequalities in a case where each of the parties would realize more from the proceeds if the entire property were sold as a whole, when half of them have expressed their unwillingness to accept separate portions of the property. A court of equity is not bound to divide property in kind. See *Gilman* v. *Boden,* 136 Mich. 125 (112 Am. St. Rep. 356). The principle of owelty should be employed as little as possible. See *Thompson Estate Co.* v. *Kamm,* 107 Ore. 61 (213 Pac. 417, 28 A. L. R. 722). Defendants rely on *Security Trust Co.* v. *Sloman,* 252 Mich. 266, 270, 271, where we held that intervening factors may cause property not to conform to lot lines and that several platted lots may in effect be one parcel. We stated that the question is a practical one and that the premises constituted one parcel by location, use and interdependence, lot, street and alley lines having been obliterated by buildings, so that in effect the two parcels constituted a single tract. We believe that that is true in the present case. While there are five principal buildings on the two whole and single fractional lots and the buildings are independent, nevertheless the improvements are so grouped together with adjoining barns, yards, court and private driveway that it becomes apparent that the property would be best sold as a whole and the proceeds divided. The very fact that $15,100 was realized from the sale instead of $11,100 according to the value placed thereon in the report of the appraisers adds weight to the judgment of the

lower court. The question herein discussed is the only one raised on appeal.

The decree of the lower court is affirmed, with costs to plaintiffs.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUSH-NELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.