# STATE OF MICHIGAN

# COURT OF APPEALS

NATALIE OLSON,

          Plaintiff-Appellant,

v

CECELIA BOSANAC,

          Defendant-Appellee.

UNPUBLISHED
December 20, 2018

No. 341478
Monroe Circuit Court
LC No. 16-138967-CZ

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

In this action primarily involving a dispute over real property, plaintiff appeals as of right the trial court's November 21, 2017 order of dismissal.[1] For the reasons set forth in this opinion, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Defendant is plaintiff's mother. This case arises out of their dispute involving a parcel of real property located in Monroe, Michigan that contains a single-family house (the Property). On October 25, 2012, defendant conveyed by quit claim deed the Property to herself and plaintiff "as Joint Tenants with Full Rights of Survivorship and not as Tenants in Common." Defendant apparently took this action for purposes of estate planning. Defendant testified during her deposition that she "added [plaintiff's] name" to the house "because a doctor told me I was going to die soon."

In October 2014, plaintiff moved to the Property to live in the home, and she continued to live there for approximately one year. Plaintiff averred that at some point "in or around the summer of 2015," defendant "demanded" that plaintiff give up her interest in the Property by

---

[1] Plaintiff specifically challenges on appeal the trial court's grant of summary disposition in favor of defendant on plaintiff's claims for partition, quantum meruit, and unjust enrichment. The other claims that plaintiff asserted against defendant in her complaint are not at issue in the instant appeal.

removing her name from the deed. Plaintiff refused and, according to plaintiff, defendant "retaliated." Finally, on November 29, 2015, the police responded to the Property after receiving a 911 call reporting that defendant claimed to have been assaulted by plaintiff. The responding officers interviewed both plaintiff and defendant. Plaintiff indicated that she was physically attacked by defendant, while defendant maintained that she was physically attacked by plaintiff. Although both plaintiff and defendant sustained minor abrasions, neither required medical attention. Neither party was arrested since the officers concluded that there was not enough evidence to determine which party was the initial aggressor. According to plaintiff's affidavit, the police asked plaintiff to leave the Property and stay with her father in Toledo, Ohio. Plaintiff averred that her decision to leave the Property "was based on the request of the police, but was not voluntary."

On November 30, 2015, defendant filed a petition seeking an ex parte order for a personal protection order (PPO) against plaintiff. On the same day, an ex parte order was entered granting the PPO and prohibiting plaintiff from entering the Property until at least November 30, 2016. According to plaintiff, she did not find out about the PPO "until several months later." She testified that she returned to the Property on two occasions during the week following the November 29, 2015 incident and retrieved personal belongings, including clothing, however she was not able to collect all of her belongings at that time. After plaintiff filed a motion to terminate the PPO in April 2016, defendant apparently agreed to voluntarily terminate the PPO.

However, plaintiff averred that defendant continuously refused to allow her to return to the Property even after the PPO was terminated and that defendant would not allow her to pick up her personal belongings. At some point, defendant changed the locks to the Property and did not give plaintiff a key. Plaintiff testified during her deposition, however, that she never asked defendant to allow her to return to the Property to live there after the November 29, 2015 incident. Plaintiff also testified that she did not contribute any money for improvements to house after her name was added to title.

On June 20, 2016, plaintiff filed a complaint alleging that she had been prohibited from using the Property or entering the Property to remove her belongings since November 29, 2015. As relevant to the issues now raised on appeal, plaintiff's complaint alleged causes of action for quantum meruit, unjust enrichment, and partition. In her quantum meruit and unjust enrichment claims, plaintiff sought compensation for half the fair rental value of the Property since November 29, 2015, based on the allegation that defendant had full possession of the Property since that time. In her claim for partition, plaintiff alleged that she and defendant were co-owners of the Property as joint tenants with rights of survivorship and that it had become impossible for them to jointly possess and enjoy the whole of the Property. Plaintiff's complaint requested the following relief with respect to partition:

> 86. Because the subject property is a single building, partition in-kind is impractical, if not impossible. Accordingly, the subject property should be sold, and the proceeds divided between [plaintiff] and [defendant].

WHEREFORE, Plaintiff requests this Court enter the following relief:

-2-

a. That a just and equitable division and partition of the subject property be made between Plaintiff and Defendant, according to their respective rights and interests, according to the course of practice in this court, and to the applicable statute;

b. That if it appears that a partition cannot be made without manifest injury to the rights of the parties then the subject property should be sold under the judgment and by the direction of this court, and that the proceeds of that sale, after payment of the expenses and the costs of this action, be divided between the parties according to their respective rights and interests in the subject property;

c. That the rights and interests of the parties in and to the land and premises and in the proceeds if the land is sold be ascertained and declared by the judgment of this court;

d. That a receiver be appointed to lease and manage the subject property and to protect the subject property from waste, trespass, and damage to the property;

e. That the Plaintiff recover her costs, including attorney fees, incurred in obtaining a partition; and

f. That the Plaintiff may have any other relief warranted by equity and good conscience.

The parties each subsequently moved for summary disposition: defendant moved under MCR 2.116(C)(8) and (10), and plaintiff moved under MCR 2.116(C)(10) only. As relevant to the issues raised on appeal, defendant first argued that because the parties held the Property as joint tenants with rights of survivorship and a right of survivorship cannot be severed by a joint tenant without the consent of all joint tenants holding a right of survivorship, the court could not order the Property to be partitioned or sold based solely on plaintiff's request for such an order. In other words, argued defendant, the court was required to deny plaintiff's attempt to force a sale of the Property. Next, defendant argued similarly that although it was possible for a cotenant in a joint tenancy with rights of survivorship to convey his or her interest in her own possessory life estate, the cotenants' dual contingent remainders could not be destroyed by a cotenant's unilateral action and the court in this case therefore could not destroy the contingent remainder interests of the parties by ordering the Property to be partitioned or sold. Defendant maintained that plaintiff had not requested partition or sale of only the life estate interest and that even if she had, such an interest was essentially unmarketable. With respect to the quantum meruit and unjust enrichment claims, defendant argued in her response to plaintiff's summary disposition motions that these were contract theories that were inapplicable to the instant property matter and that the law would not apply a contract in this situation where the parties' respective rights were defined in the deed.

Plaintiff first argued in her summary disposition motion, as relevant to her appellate issues, that she was entitled to summary disposition on her unjust enrichment and quantum meruit claims for half the fair rental value of the Property because defendant had excluded

plaintiff from the Property despite plaintiff's equal right to possession of the Property. Additionally, plaintiff argued that the trial court had the legal authority to order defendant to pay plaintiff half the fair rental value of the Property by ordering the parties' life estates to be partitioned. Plaintiff maintained that the court had the power in equity to order the joint tenant in exclusive possession to account to the other joint tenant by either ordering defendant to pay half the fair rental value of the Property to plaintiff or ordering the Property to be leased during the parties' lives with the proceeds to be split between them and fee title to revert to the survivor once one of the parties died.

After hearing oral argument at the hearing on the competing summary disposition motions, the trial court announced its ruling from the bench. The trial court first denied both parties' motions for summary disposition with respect to certain claims raised in plaintiff's complaint that are not at issue on appeal, concluding that genuine issues of material fact existed for these claims.

Next, with respect to the quantum meruit and unjust enrichment claims, the trial court concluded that neither theory was applicable to this case. The trial court reasoned that these theories are "designed to imply contractual rights where there's no existing express contract" and that the parties' rights and obligations in the instant case were "set forth pursuant to the terms of the deed." The trial court further noted (1) that there was no allegation that plaintiff invested any money into the Property; (2) that defendant lived in the house for many years before adding plaintiff's name to the title for the Property through a deed, which conveys an interest in property; and (3) that defendant did not receive anything from plaintiff beyond what defendant already had. The trial court thus denied plaintiff's motion for summary disposition on these claims and granted defendant's motion for summary disposition on these claims.

Next, the trial court addressed the partition issue, granting summary disposition in defendant's favor and denying plaintiff's motion for summary disposition on that issue. In reaching this conclusion, the trial court reasoned as follows:

> In this matter, the prayer for relief in count seven of plaintiff's complaint was partition where they ask that the subject property be sold and the proceeds be divided. This was the request that was made by the plaintiff and we actually talked about this at a previous motion that it can't be done in that fashion. I said those words. [Defense counsel] said those words and it can't be done in that fashion for all of the case law that we're talking about now. Only in the motion does plaintiff now talk about the portion of the life estate. That wasn't the prayer for relief and in that matter, this is exactly like the *HRIT*[2] [sic] case because the prayer for relief was to—that the property be sold and the proceeds be divided and that cannot be done.

---

[2] This unpublished case is discussed in Part IV of this opinion.

So, apparently we're now at least conceding that what was discussed previously was correct and that the parties have an indestructible dual contingent remainder.

So, then the question was what about these life estates? *Albro*[3] was a commercial property. They clearly, from a practical point of view, could have partitioned the life estate and had separate businesses or retail or whatever the case may be. That is not the case here. This is almost exactly like the *HRIT* case except that there's no allegation that the plaintiff put any money in this case, which is why the Court in *HRIT* was talking about quantum meruit. There's no allegation that that took place here.

So, there is also no cases cited that tells me that what we should do is take one of the two people out who have been living there and lived there previous to the changing of the deed and have them leave their home so that the property can be rented and so that the plaintiff can receive a benefit that she received from the defendant by virtue of this deed itself.

I think that while the *HRIT* case is not a legal precedent, it almost hits this thing right on the nose and from a practical point of view, trying to sell or lease the plaintiff's life estate in this matter simply isn't going to work, not under the presence of the circumstances.

However, the bottom line here is that plaintiff's request was that the property be sold and the proceeds be divided. Plaintiff's motion on this issue for summary disposition is denied. The defendant's motion on summary disposition on this matter is granted.

Consistent with the rulings announced during the hearing, the trial court issued an order on September 14, 2017, denying plaintiff's summary disposition motion, granting defendant's summary disposition motion in part, and denying defendant's summary disposition motion in part. The order also indicated that "[t]his Order does not resolve all pending claims and the case remains open."

The trial court subsequently denied plaintiff's motion for reconsideration in an order issued on November 14, 2017. On November 21, 2017, the trial court entered an order dismissing with prejudice all of plaintiff's claims that remained after the trial court had granted summary disposition in favor of defendant on some of plaintiff's claims. The order explained that other claims made by plaintiff had been resolved through case evaluation. This order provided that it "resolve[d] the last pending claim and close[d] the case." Plaintiff filed her claim of appeal in this Court on December 12, 2017. On appeal, plaintiff specifically challenges the trial court's grant of summary disposition in favor of defendant on plaintiff's claims for partition, quantum meruit, and unjust enrichment.

---

[3] *Albro v Allen*, 434 Mich 271; 454 NW2d 85 (1990).

## II.  STANDARD OF REVIEW

A trial court's summary disposition ruling is reviewed de novo to determine if the moving party is entitled to judgment as a matter of law.  *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

In this case, although the parties' summary disposition motions implicated both MCR 2.116(C)(8) and (10), the trial court did not explicitly specify which subrule it relied on in making its ruling.

MCR 2.116(C)(8) permits summary disposition where the "opposing party has failed to state a claim on which relief can be granted."  Under this subrule, which tests the legal sufficiency of the complaint, a court accepts all well-pleaded factual allegations as true and construes them in a light most favorable to the nonmovant.  *Maiden*, 461 Mich at 119.  "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery."  *Id*. (quotation marks and citation omitted).  "When deciding a motion brought under this section, a court considers only the pleadings."  *Id*. at 119-120.

However, the parties in the instant case attached additional evidence to their motions for summary disposition, and it appears from the nature of the trial court's statements on the record that it considered this evidence and may have understood at least some of its rulings to be under MCR 2.116(C)(10).  When it appears that the trial court considered material outside the pleadings, this Court construes the motion has having been decided pursuant to MCR 2.116(C)(10).  *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007).  Under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, a court "considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion."  *Maiden*, 461 Mich at 120 (citation omitted).  "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law."  *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).  "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ."  *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Additionally, "[a]n action to partition land is equitable in nature," *In re Temple Marital Trust*, 278 Mich App 122, 141; 748 NW2d 265 (2008), and a trial court's equitable decisions are reviewed de novo on appeal, *Wengel v Wengel*, 270 Mich App 86, 91; 714 NW2d 371 (2006).

Finally, the question whether a party has been unjustly enriched is generally a factual question, but the question whether an unjust enrichment claim can be maintained is a question of law that this Court reviews de novo.  *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 193; 729 NW2d 898 (2006).  Claims for unjust enrichment and quantum meruit are generally treated in a similar manner.  *NL Ventures VI Farmington, LLC v Livonia*, 314 Mich App 222, 241; 886 NW2d 772 (2015).  Quantum meruit claims are equitable in nature.  *Morris Pumps*, 273

Mich App at 199. This Court "review[s] de novo a trial court's dispositional ruling on an equitable matter." *Id*. at 193.

## III. JURISDICTION

As an initial matter, before addressing plaintiff's appellate issues, we must address the jurisdictional argument raised by defendant. Defendant argues that this Court lacks jurisdiction over this appeal because plaintiff untimely filed her claim of appeal. According to defendant, plaintiff is appealing the trial court's denial of her motion for reconsideration, and plaintiff filed her claim of appeal more than 21 days after the order denying reconsideration was filed.

"Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). This Court has jurisdiction of an appeal of right from a "final judgment or final order of the circuit court," MCR 7.203(A)(1), which is defined in pertinent part as "the first judgment or order that disposes of all of the claims and adjudicates the rights and liabilities of all the parties," MCR 7.202(6)(a)(i). A party in a civil action is required to file a claim of appeal within "21 days after entry of the judgment or order appealed from." MCR 7.204(A)(1)(a); MCR 7.204(B)(1). The time limit for filing an appeal of right is jurisdictional. MCR 7.204(A).

In this case, the trial court entered an order on November 21, 2017, dismissing with prejudice all of plaintiff's claims that remained after the trial court had granted summary disposition in favor of defendant on some of plaintiff's claims. This was the first order that disposed of all of plaintiff's claims. The earlier order of September 14, 2017, only disposed of plaintiff's claims for quantum meruit, unjust enrichment, and partition; this order specifically provided that other claims made by plaintiff could proceed and that the case remained open. Plaintiff's motion for reconsideration was accordingly limited to the claims for quantum meruit, unjust enrichment, and partition, and the trial court's November 14, 2017 order denying reconsideration was likewise limited to those claims. Therefore, the trial court's November 21, 2017 order was a final judgment or order because it was the first order to dispose of all of the claims and adjudicate the rights and liabilities of the parties. MCR 7.202(6)(a)(i). Plaintiff filed her claim of appeal on December 12, 2017, which was 21 days after the November 21, 2017 order. Thus, plaintiff's claim of appeal was timely, and this Court has jurisdiction over this appeal as of right. MCR 7.203(A)(1); MCR 7.204(A)(1)(a); MCR 7.204(B)(1). As such, plaintiff may challenge the trial court's rulings in its earlier order related to the partial grant and denial of summary disposition. *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992) ("Where a party has claimed an appeal from a final order, the party is free to raise on appeal issues related to other orders in the case.").

## IV. PARTITION

Plaintiff first argues on appeal that she has wrongfully been excluded from exercising her right to possession of the Property and is entitled as a matter of law to seek partition of the Property—especially the joint life estate interest—in order to enforce her rights as a joint tenant with full rights of survivorship. She further argues that when physical division of the property is impractical, a court may instead order sale and division of the proceeds or order the cotenant exercising exclusive possession to pay rent to the excluded cotenant.

-7-

The parties in this case do not dispute the fact that defendant's conveyance by deed to herself and plaintiff "as Joint Tenants with Full Rights of Survivorship and not as Tenants in Common" created a joint tenancy with full rights of survivorship. A "joint tenancy with full rights of survivorship" is "created by express words of survivorship in the granting instrument in addition to those creating a joint tenancy, such as . . . 'with full rights of survivorship.'" *Albro v Allen*, 434 Mich 271, 275; 454 NW2d 85 (1990) (citation omitted). "The 'joint tenancy with full rights of survivorship' is comprised of a joint life estate with dual contingent remainders." *Id*. The dual contingent remainders of a joint tenancy with full rights of survivorship are "indestructible," and a "cotenant's contingent remainder cannot be destroyed by an act of the other cotenant." *Id*. at 276.

However, it "is well settled that life estates are freely transferable," and "a person sharing a joint life estate with dual contingent remainders may convey his interest in the joint life estate, without destroying the cotenant's contingent remainder." *Id*. at 280, 281. A cotenant's transfer of his or her interest in the joint life estate does not affect the contingent remainders. *Id*. at 287. In the case of such a transfer, the last surviving original cotenant, "or any person to whom she has transferred her contingent remainder, takes the whole estate." *Id*.

Accordingly, our Supreme Court in *Albro* held that the "joint life estate element" of a joint tenancy with full rights of survivorship "may be partitioned without affecting the contingent remainders," but the "dual contingent remainders are not subject to partition because they are not possessory estates." *Id*. at 284, 286; see also MCL 600.3308 ("Any person who has an estate in possession in the lands of which partition is sought may maintain a claim for partition of those lands, but a person who has only an estate in reversion or remainder in the lands may not maintain a claim for their partition."). The *Albro* Court further explained that, pursuant to the language of MCL 600.3308, although a person may not maintain a partition action if the person holds only a contingent remainder, "[a] person holding both a life estate and a future interest may have partition of the life estate only . . . ." *Albro*, 434 Mich at 285 n 5. The partition of a life estate is effective until the life estate terminates. *Id*. at 285-286.

In discussing the purposes of partition proceedings, our Supreme Court has stated that "[c]ourts should be, and are, adverse to any rule which will compel unwilling persons to use their property in common." *Henkel v Henkel*, 282 Mich 473, 481; 276 NW 522 (1937) (quotation marks and citation omitted). Our Supreme Court in *Albro* explained the nature of partition proceedings in more detail as follows:

> An action for partition has as its object the distribution of possession between those entitled to possession. Partition may be accomplished voluntarily by cotenants or by judicial action. Physical division of the jointly held property is the preferred method of partition. "Normally a physical division of the property confers upon each cotenant his respective fractional portion of the land." Where such a division results in inequalities in owners' shares, the court may award money payments to offset the difference. Although partition in kind is favored, the court may also order sale and division of the proceeds when it concludes that an equitable physical division cannot be achieved. [*Albro*, 434 Mich at 284 (citations omitted).]

-8-

A court's determination whether to grant partition or to instead order sale of the subject property and a division of the proceeds implicate statutes and court rules. Under MCL 600.3332, a court has the authority to order sale of the property if partition would cause great prejudice; that statute provides as follows:

> If the court finds that all the lands and tenements of which division or partition is sought are so situated, or that any district, tract, lot, or portion of the lands and tenements is so situated, that a partition and division of them among the persons interested in them cannot be made without great prejudice to the owners, the court may order the circuit court commissioner to sell the premises which cannot be divided or partitioned, at a public auction to the highest bidder. If the court finds that any portion, interest, or part can be divided and partitioned and that other portions, interests, or parts cannot be divided without great prejudice to the owners, the court may appoint partition commissioners and direct them to partition and divide the parts or interests which can be divided and to set aside to be sold the portions, interests, or parts which cannot be divided and these may be sold as provided in the court rules. The court may fix and determine the minimum price at which the real property may be sold.

Under MCR 3.401(A), a trial court in a proceeding for partition "shall determine (1) whether the premises can be partitioned without great prejudice to the parties; (2) the value of the use of the premises and of improvements made to the premises; and (3) other matters the court considers pertinent." Pursuant to MCR 3.401(B), "[i]f the court determines that the premises cannot be partitioned without undue prejudice to the owners, it may order the premises sold in lieu of partition under MCR 3.403." Procedural requirements related to the sale and distribution of proceeds are contained in MCR 3.403. Furthermore, MCL 600.3348 provides: "Whenever it appears that to do so would benefit any part owner of the premises of which partition is sought, the court may appoint a receiver having such authority as is necessary to lease the premises; or protect them from waste, trespass, or injury; or for any other purpose." Our Supreme Court has held that it was appropriate in a partition suit to order a subject property to be sold as an entirety, rather than divided, because the nature of the property and its improvements made it impossible to divide the property equally between the six owners and the property commanded a higher price when sold as a unit. *Burns v Ambler*, 302 Mich 526, 527-530; 5 NW2d 451 (1942).

Furthermore, a cotenant of a joint tenancy with full rights of survivorship seeking partition of the life estate interest when another cotenant has had exclusive possession of the subject property may be able to recover rent. In *Frenzel v Hayes*, 242 Mich 631, 636; 219 NW 740 (1928), our Supreme Court explained: "One cotenant may not recover rent from another cotenant who with his consent occupied the premises owned in common. But, where the question arises in partition proceedings in equity, and particularly when the possession has been exclusive, this court has recognized that in adjusting the equities of the parties the one who has had the exclusive occupation of the premises should account for its use and occupation." However, the party who has had exclusive possession is still entitled to credit based on the expenses on the subject property, such as taxes, paid by that party. *Id*. at 639. As stated earlier, partition proceedings may be brought by "[a]ny person who has an estate in possession." MCL 600.3308. "An estate in possession, is where the owner has an immediate right to the possession of the land . . . ." MCL 554.8. The holder of a life estate interest is "entitled to the possession

and rents, issues and profits" of the property. *Pitcher v Douglas*, 37 Mich 339, 341 (1877). Specifically, the joint life estate interest of a joint tenancy with full rights of survivorship is "a possessory, freehold estate with an immediate right to occupy the property." *Wengel*, 270 Mich App at 99. "Each joint tenant shares in possession of the entire estate, and each is entitled to an undivided share of the whole." *Albro*, 434 Mich at 274. And, as previously stated, our Supreme Court has expressly held that a cotenant of a joint tenancy with full rights of survivorship may seek partition of the life estate interest. *Id*. at 284, 286. Accordingly, it follows that a cotenant of a joint tenancy with full rights of survivorship may be entitled to some amount of rent if excluded by another cotenant from the property in which both cotenenats hold a possessory life estate interest.

In this case, as an initial matter, the trial court correctly recognized that it could not grant partition, or order sale and divisions of the proceeds in lieu of partition, with respect to the indestructible dual contingent remainders held by the parties as cotenants of a joint tenancy with full rights of survivorship. See *Albro*, 434 Mich at 284; MCL 600.3308. The trial court also correctly recognized that it therefore could not grant complete partition, or order sale and divisions of the proceeds in lieu of partition, with respect to all of the present possessory and expectancy interests in the Property, see MCL 554.7; MCL 554.8; MCL 554.9, i.e. with respect to the Property in fee simple absolute, see MCL 554.2.

However, the trial court erred by concluding that plaintiff explicitly asked solely for this form of relief and relying on this conclusion as the basis to support its decision to deny plaintiff's summary disposition motion and grant defendant's summary disposition motion.

As previously stated, the partition count of plaintiff's complaint sought relief in the form of requesting in pertinent part that "a just and equitable division and partition of the subject property be made between Plaintiff and Defendant, according to their respective rights and interests"; that "the subject property . . . be sold, and the proceeds divided" because partition in-kind was impractical; that "if it appears that a partition cannot be made without manifest injury to the rights of the parties then the subject property should be sold under the judgment and by the direction of this court, and that the proceeds of that sale, after payment of the expenses and the costs of this action, be divided between the parties according to their respective rights and interests in the subject property"; that "the rights and interests of the parties in and to the land and premises and in the proceeds if the land is sold be ascertained and declared by the judgment of this court"; and that "a receiver be appointed to lease and manage the subject property and to protect the subject property from waste, trespass, and damage to the property." Nonetheless, the trial court apparently concluded that plaintiff had sought only to have the proceeds divided from a sale of the Property in fee simple absolute, and it apparently determined that plaintiff had failed to state a claim on which relief could be granted because such a remedy is unavailable to a cotenant of a joint tenancy with full rights of survivorship.

It is evident from examining the prayer for relief in the complaint, however, that plaintiff clearly requested partition or, in lieu thereof, sale or lease of the Property and division of the proceeds *according to the parties' respective rights and interests*. Plaintiff further requested that the parties' respective rights and interests be determined. At the time the complaint was filed, there was no guarantee that defendant would not contest plaintiff's assertion that the parties owned the property as joint tenants with full rights of survivorship.

-10-

Additionally, with respect to joint tenants with full rights of survivorship, our Supreme Court has made clear, as the trial court recognized, that the *only* form of partition that may legally be sought by such a cotenant is partition of the joint life estate interest. In *Albro*, our Supreme Court overruled what had, up until that point, been the rule in Michigan that partition was unavailable "to parties holding joint life estates with dual contingent remainders"; in doing so, the Court held, as previously stated, that the joint life estate element could be partitioned but that the dual contingent remainders could not be partitioned. *Albro*, 434 Mich at 282, 284, 286. In explaining this holding, the *Albro* Court reasoned as follows:

> The common law regarding partition of joint life estates is summarized in *Baskins v Krepcik*, 153 Neb 36, 39; 43 NW2d 624 (1950):
>
>> The common law conferred this remedy upon joint tenants, tenants in common, owners of estates for life or years, and owners of estates in which some of the cotenants held for term of life or years and others held estates of inheritance. A prerequisite was an estate in possession, and none but parties having such estates were bound by the judgment, but the partition did not affect estates in remainder or contingency. Tenants of estates in remainder were not permitted to interfere with tenants in possession, but tenants in possession had power to compel partition confined to their particular estates but could do nothing towards effecting a severance of estates in remainder or reversion. It was the rule at common law and under the English statutes that estates of remainder or reversion could not be divided by proceedings for compulsory partition.
>
>> We find this summary of the common law persuasive; it is consistent with Michigan authority that life estates may be partitioned and that partition of a life estate will not affect the estate in remainder. Thus, we hold that the joint life estate element of such a cotenancy may be partitioned without affecting the contingent remainders. The retention of the rule against partition would be anomalous in view of our holding today that a party may alienate his undivided interest in a joint life estate. We expressly overrule those cases holding that a "joint tenancy with right of survivorship" may not be partitioned. [*Albro*, 434 Mich at 286-287 (some citations omitted).]

Hence, while a cotenant of a joint tenancy with full rights of survivorship before *Albro* could not obtain partition *at all*, the decision in *Albro* changed that rule and held that such a cotenant could obtain partition *only with respect to the joint life estate interest*. *Id*. The bottom line is that partition *is* available for such a cotenant. *Id*. Yet, in the instant case, the trial court essentially penalized plaintiff for failing to explicitly specify that she was not requesting relief to which she was not even legally entitled. In other words, the fact that she did not indicate that her prayer for relief did not include the prohibited relief of partition of the dual contingent remainders does not negate the fact that her request for partition in accordance with her property interest *did* include a legally permissible request for partition of her life estate interest.

The Michigan Court rules do not require such exacting specificity in pleading as that which the trial court required in this case. Allegations in pleadings must merely be "clear, concise, and direct." MCR 2.111(A)(1). In order to properly plead a claim, the complaint must include the following:

> (1) A statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend; and

> (2) *A demand for judgment for the relief that the pleader seeks.* If the pleader seeks an award of money, a specific amount must be stated if the claim is for a sum certain or a sum that can by computation be made certain, or if the amount sought is $25,000 or less. Otherwise, a specific amount may not be stated, and the pleading must include allegations that show that the claim is within the jurisdiction of the court. Declaratory relief may be claimed in cases of actual controversy. See MCR 2.605. *Relief in the alternative or relief of several different types may be demanded.* [MCR 2.111(B) (emphasis added).]

Further, plaintiff's prayer for relief in her partition count included a request for "any other relief warranted by equity and good conscience." MCR 2.601(A) provides that "[e]xcept as provided in subrule (B) [regarding default judgments], every final judgment may grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded that relief in his or her pleadings.*" (Emphasis added.) This Court has held a request in a complaint for " 'all other relief that [the] Court deems equitable and just,' " along with consideration of the nature of the plaintiff's allegations in the complaint was "sufficient to constitute a request, though not explicit," for injunctive or declaratory relief that was not expressly stated in the complaint. *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 394-395; 872 NW2d 223 (2015) (alteration in original). This Court further held in *Arabo* that such a claim for injunctive or declaratory relief was "not 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery' " and that the trial court had therefore erred by relying solely on the remedy sought by the plaintiff's complaint to justify granting summary disposition in the defendant's favor under MCR 2.116(C)(8). *Id*. at 379-380, 391, 396 (citation omitted). Similarly, in this case, plaintiff's prayer for relief was sufficient to apprise defendant and the court of the relief she sought and clearly encompassed her claim for partition (or sale or lease in lieu thereof) regarding her life estate interest, a remedy for which she argued in her motion for summary disposition. The trial court therefore erred by relying solely on an overly technical reading of plaintiff's prayer for relief to justify granting summary disposition in defendant's favor on plaintiff's partition claim.

This Court's unpublished opinion in *Hrit v McKeon*,[4] although relied on heavily by the trial court, does not actually suggest that a different outcome is warranted. The trial court

---

[4] *Hrit v McKeon*, unpublished per curiam opinion of the Court of Appeals, issued February 3, 2015 (Docket No. 317988).

correctly recognized that *Hrit* is not binding legal precedent but may be relied on for persuasive guidance. See, e.g., *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 20 n 16; 672 NW2d 351 (2003). Nonetheless, *Hrit* is distinguishable from the instant case.

In *Hrit*, the defendant conveyed a parcel of property containing a house to herself and the plaintiff " 'as joint tenants with full rights of survivorship.' " *Hrit*, unpub op at 1. Eventually, the parties' relationship ended, and the plaintiff filed a one-count complaint requesting partition of the property. *Id*. at 1-2. The plaintiff further requested that since partition in-kind was impractical due to the fact that the property contained only a single building, the court should either order sale of the property and division of the proceeds or order the defendant to buy out the plaintiff's interest in the property. *Id*. at 2. In affirming the trial court's ruling granting summary disposition in favor of defendant under MCR 2.116(C)(8) for the plaintiff's failure to state a claim, this Court stated that "because the dual contingent remainders at issue in this case are indestructible and not subject to partition, the most that either cotenant could ever be compelled to convey is her one-half interest in the joint life estate," and the Court concluded that "a sale of the premises in lieu of partition is not a reasonably available option *in this case*." *Id*. at 4-6 (emphasis added.) It is unclear from the opinion in *Hrit* what factors actually convinced the Court to reach this ruling. The trial court in the instant case, however, apparently believed that *Hrit* stood for the proposition that a life estate was always unmarketable and essentially that a cotenant of a joint tenancy with full rights of survivorship in a property containing a single residence can therefore never get any form of relief in a partition action. Although it may be logical to presume that such a life estate could have little value, this Court's opinion in *Hrit* does not purport to make such a blanket statement that all such life estates are unmarketable but instead indicated that the conclusion was limited to the facts of that particular case. *Id*. at 6. The approach taken by the trial court in the instant case would, in essence, result in a resurrection of the rule that our Supreme Court overruled in *Albro*.

Considering that a cotenant of a joint tenancy with full rights of survivorship may seek partition of the life estate element, *Albro*, 434 Mich at 284, 286, it does not appear that a life estate's value may be deemed to be essentially worthless as a matter of law but instead must be ascertained as a question of fact that depends on the circumstances of a particular case. See, e.g., MCL 600.3332 (requiring the court to "find[]" that partition "cannot be made without great prejudice to the owners" before ordering sale); *Burns*, 302 Mich at 527-530 (discussing a plethora of facts specific to the property at issue in that case, which justified the conclusion that sale, rather than partition, was the appropriate remedy).

In the instant case, the trial court's stated that "from a practical point of view, trying to sell or lease the plaintiff's life estate in this matter simply isn't going to work," but this assertion was not based on any record *evidence* that would show the lack of a genuine issue of material fact regarding the value of selling or renting the joint life estate. Additionally, regarding plaintiff's claim that she was entitled to half the fair rental value of the Property, such a claim involves "adjusting the equities of the parties," *Frenzel*, 242 Mich at 636, and questions of material fact exist regarding the circumstances of plaintiff's absence from the Property. For example, there is evidence that the physical altercation that led to plaintiff leaving the Property to live with her father was instigated by plaintiff, and there is also evidence that the altercation was instigated by defendant. Further, there is evidence that defendant changed the locks without giving plaintiff a key and that defendant refused to allow plaintiff to return to the Property, while

-13-

there is also evidence that plaintiff never asked defendant to permit her to return to the Property to live.

In conclusion, the trial court erred by mischaracterizing plaintiff's prayer for relief and basing its summary disposition ruling on this ground. The trial court further erred to the extent that it based its summary disposition ruling on a presumed lack of marketability of the joint life estate interest and this Court's unpublished opinion in *Hrit*; genuine issues of material fact exist regarding the partition claim, making summary disposition inappropriate. *Quinto*, 451 Mich at 362. The trial court's summary disposition ruling on the partition claim is reversed, and plaintiff's claim for partition of the joint life estate interest should be allowed to proceed on remand for a determination whether plaintiff is actually entitled to any relief on this claim because, at this juncture, it has not been demonstrated that as a matter of law she is barred from such relief.

## V. QUANTUM MERUIT AND UNJUST ENRICHMENT

Plaintiff next argues that the trial court erred by denying her motion for summary disposition, and granting summary disposition in defendant's favor, with respect to her claims for quantum meruit and unjust enrichment. Plaintiff maintains that defendant has held exclusive possession of the Property, contrary to plaintiff's right to possession as a cotenant, without having to account for this exclusive use.

" 'The theory underlying quantum meruit recovery is that the law will imply a contract in order to prevent unjust enrichment . . . .' As such, claims for unjust enrichment and quantum meruit have historically been treated in a similar manner." *NL Ventures*, 314 Mich App at 241 (citation omitted; ellipsis in original). "[I]n order to sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps*, 273 Mich App at 195. "That a person benefits from another is not alone sufficient to require the person to make restitution for the benefit." *NL Ventures*, 314 Mich App at 241. "For quantum meruit or unjust enrichment to apply, there must not be an express contract between the parties covering the same subject matter." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 726; 909 NW2d 890 (2017).

In this case, plaintiff's quantum meruit and unjust enrichment claims stem from the fact that both she and defendant hold an interest in the Property. The nature of the parties' interests in the Propety is defined by the deed granting the Property to both of them as joint tenants with full rights of survivorship. "Deeds are contracts, and when courts can ascertain from the deed itself the intent of the grantor, the deed will be construed so as to give that intent effect . . ." *Negaunee Iron Co v Iron Cliffs Co*, 134 Mich 264, 279; 96 NW 468 (1903); see also *Penrose v McCullough*, 308 Mich App 145, 147; 862 NW2d 674 (2014). Because the deed in the instant case governs the same subject matter and parties involved in plaintiff's claims for quantum meruit and unjust enrichment, quantum meriut and unjust enrichment are inapplicable in this case. *Meisner Law Group*, 321 Mich App at 726. The trial court did not err by granting summary disposition in defendant's favor on these claims.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering